OPINION
{¶ 1} Defendant-Appellant Douglas Holty appeals from a trial court decision denying his pre-sentence motion to withdraw his no contest plea and from the court's denial of his request to continue his sentencing hearing. For the following reasons, we affirm the decisions of the trial court.
 {¶ 2} On March 6, 2003 Huber Heights police filed a citation against Holty for child endangering. The police also filed a copy of their report alleging several incidents of inappropriate discipline of Holty's four-year-old nephew, D., whom Holty and his wife had adopted. The report stated that Holty had placed D. in a dog cage, that he forced D. to sleep in the bathtub because the child wet the bed, and that he made the child eat in the hallway away from the family because he has poor table manners. Holty later admitted that he had put D. in the dog cage on more than one occasion.
 {¶ 3} Holty entered a not guilty plea, and the matter was set for trial on April 17, 2003. On the trial date Holty chose to enter a plea of no contest, and the trial court made a finding of guilt. The court ordered a pre-sentencing investigation and scheduled the case for sentencing the following month. Holty met with a probation officer, but declined to cooperate because he had already decided to hire an attorney in order to withdraw his plea. In fact Holty retained counsel the day after he entered his plea, and counsel filed a motion to withdraw the plea on May 5th. The trial court held a hearing on the motion and overruled it on May 29, 2003. Holty asked for a continuance before his sentencing, which the trial court overruled. The trial court sentenced Holty to 180 days in jail. Holty filed a timely notice of appeal.
 {¶ 4} Holty's first assignment of error:
 {¶ 5} "The trial court committed an abuse of discretion by denying appellant's petition to vacate the guilty [sic] plea."
 {¶ 6} Holty argues that the trial court should have granted his request to withdraw his no contest plea and that the court's refusal to do so constituted an abuse of discretion. In support, he claims that he only entered the no contest plea because his attorneys told him to do so. He further insists that his attorneys did not review the elements of the offense with him, nor did he understand the consequences of his plea. Holty also claims that he is innocent of the offense with which he was charged. After a careful review of the record, we find no abuse of discretion by the trial court in denying Holty's motion.
 {¶ 7} ADVANCE \d 4 A defendant does not have an absolute right to withdraw his plea, even if made prior to sentencing.State v. Xie (1992), 62 Ohio St.3d 521, 584 N.E.2d 715, paragraph one of the syllabus. Instead, the decision of whether to grant or deny a motion to withdraw a plea rests within the sound discretion of the trial court. Id. at paragraph two of the syllabus. Accordingly, the trial court's decision will not be reversed unless the court's attitude was unreasonable, arbitrary, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151,157, 404 N.E.2d 144.
 {¶ 8} A trial court does not abuse its discretion in denying a motion to withdraw a plea when: (1) the accused is represented by competent counsel; (2) the accused was afforded a full Crim.R. 11 hearing before he entered his plea; (3) the accused is given a complete, impartial hearing on the motion to withdraw; and (4) the court gave full and fair consideration to the request to withdraw. State v. Peterseim (1980), 68 Ohio App.2d 211, 214,428 N.E.2d 863.
 {¶ 9} In this case all of the Peterseim factors were met. First, Holty was represented by highly experienced, competent counsel. The court heard testimony from Attorney David White, who represented Holty during his pre-trial hearing, and Brian Huelsman, who represented Holty at his plea hearing. Both attorneys have extensive experience with child endangering cases such as this one.
 {¶ 10} Second, Holty was afforded a full Crim.R. 11 hearing before his plea was accepted. The trial court began the plea withdrawal hearing by playing the tape of Holty's plea hearing. Holty admitted that the tape illustrated that the judge had fully explained the charge and the potential sentence that could be imposed, including the possibility of jail time. Moreover, Holty acknowledged that the court had specifically told him that he should not enter a plea if he was not guilty. At no time did Holty ask for a trial or tell the court that he did not understand what was happening. Though Holty was specifically given the opportunity to do so, he asked no questions of the court.
 {¶ 11} Third, the trial court held a full and fair hearing on Holty's motion to withdraw his plea. Both parties were permitted to fully argue their positions. See, e.g., State v. Mooty (Aug. 31, 2001), Greene App. No. 2000-CA-72.
 {¶ 12} Mr. White testified that he and Holty reviewed the facts alleged in the police report, and Holty admitted locking D. in the dog cage. Mr. White warned Holty that by taking the case to trial, the inflammatory nature of the facts could cause him to receive a greater sentence than if he entered a plea. He also cautioned that those facts could have a negative bearing on the reunification process. The case was set for trial in order for Mr. White to have time to consult with Children's Services workers. Mr. White admitted that he probably did not discuss the specific elements of child endangering with Holty, but they did discuss Holty's lack of a defense.
 {¶ 13} Mr. White and Mr. Huelsman later spoke with Children's Services and were advised that trial testimony would not impact the reunification process since Holty had already admitted the underlying facts of the case. Instead, Children's Services advised that they were only interested in whether Holty and his wife complied with their case plan.
 {¶ 14} Mr. Huelsman spoke with Holty a couple of times before the trial date. They discussed the charges in general terms, but not the specific legal elements of the offense. They also discussed Holty's lack of a defense; Mr. Huelsman was particularly concerned about the fact that the child had no room to move inside the dog cage. Mr. Huelsman offered Holty his professional opinion regarding the consequences of a plea, and he advised Holty to enter a no contest plea.
 {¶ 15} Significantly, even Holty's new attorney admitted that defense counsel need not specifically address each element of each crime with his client in every case. The attorney is the legal expert, not the defendant. Particularly in light of the extensive experience of both Mr. White and Mr. Huelsman in child endangering cases, we cannot find that their decision not to specifically address each element of the crime with Holty means that he did not understand the charges against him. To the contrary, both attorneys explained the charges in light of the particular facts of the case. Moreover, the trial court also explained the charges to Holty. Therefore, the trial court was fully justified in rejecting Holty's claim that he did not understand the charges against him.
 {¶ 16} Finally, the record reveals that the trial court gave full and fair consideration to Holty's request. The fact is that at the conclusion of the hearing, the trial court found the testimony of Holty's first two attorneys to be credible and rejected Holty's affidavit. Decisions regarding the credibility of witnesses are still a function of the trial court, who saw and heard the witnesses' testimony. State v. Brown, Miami App. No. 2002-CA-23, 2003-Ohio-2959, citing State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212.
 {¶ 17} Furthermore, Holty admitted that one reason he wanted to withdraw his plea was that he was afraid of possible jail time for his crime. While a fear of jail may be understandable, such a motivation demonstrates only a change of heart. Moreover, the trial court believed that Holty's fear of jail was his only motivation for seeking to withdraw his plea. It is well-settled that "a mere change of heart is insufficient justification for allowing the withdrawal of a guilty plea." State v. Ramos,
Montgomery App. No. 19429, 2003-Ohio-2086, citing State v.Drake (1991), 73 Ohio App.3d 640, 645, 598 N.E.2d 115. See, also, State v. Lambros (1988), 44 Ohio App.3d 102, 103,541 N.E.2d 632. Therefore, the court found that Holty's reason for wanting to withdraw his plea was not legitimate and overruled his request.
 {¶ 18} Accordingly, we cannot conclude that the trial court abused its discretion in denying Hotly's motion to withdraw his plea. His first assignment of error is without merit and is overruled.
 {¶ 19} Holty's second assignment of error:
 {¶ 20} "The trial court committed an abuse of discretion when it refused to continue the sentencing hearing, and that decision denied appellant due process of law."
 {¶ 21} Here Holty claims that the trial court abused its discretion in denying his request for a continuance of the sentencing hearing. We disagree.
 {¶ 22} The decision of whether to grant or deny a motion for a continuance is left to the sound discretion of the trial court.State v. Unger (1981), 67 Ohio St.2d 65, 67, 423 N.E.2d 1078. Accordingly, the court's decision will not be reversed unless the court's attitude was unreasonable, arbitrary, or unconscionable. Id., citations omitted; State v. Adams (1980),62 Ohio St.2d 151, 157, 404 N.E.2d 144.
 {¶ 23} After his motion to withdraw his plea was denied, Holty asked for a continuance of the sentencing hearing so that the probation department could prepare a pre-sentence investigation report. The trial court denied that request.
 {¶ 24} The day after he had entered his plea, Holty went to meet with a probation officer. However, Holty chose not to cooperate with the probation officer because he had decided to retain a new attorney. Apparently after leaving that appointment, Holty did retain new counsel, and counsel advised Holty not to talk to the probation officer. Thus, the delay was caused entirely by Holty's strategical choices.
 {¶ 25} It is significant that a pre-sentence investigation is not necessary for sentencing a misdemeanor. Crim.R. 32.2. Therefore, in this case the court was under no obligation to allow more time for a report to be completed. Holty was represented by counsel at sentencing, and both counsel and Holty were given the opportunity to argue in favor of community control sanctions as opposed to jail time. Moreover, the trial court specifically stated that he would not hold it against Holty that he did not initially comply with the probation officer seeking to prepare the pre-sentence investigation report. We will not presume otherwise.
 {¶ 26} For these reasons, we cannot conclude that the trial court acted in an unreasonable, arbitrary, or unconscionable manner when denying Holty's motion for a continuance. Holty's second assignment of error is overruled.
 {¶ 27} Having overruled both of Holty's assignments of error, we affirm the judgment of the trial court.
Fain, P.J., concurs.