OPINION
{¶ 1} This matter is before the court upon notice of appeal filed by Larry L. Funderburg on April 7, 2004. On January 30, 2004, Larry L. Funderburg plead guilty to a Bill of Information charging him with one count of unlawful sexual conduct with a minor in violation of R.C.2907.04(A) and (B)(3), a third degree felony. Sentencing was scheduled for March 5, 2004, and the trial court sentenced Funderburg to a two-year term of imprisonment. It is from this sentence that Funderburg appeals.
 I {¶ 2} On March 5, 2004, the trial court sentenced Funderburg to a two-year term of imprisonment after the Adult Probation Department prepared a pre-sentence investigation. Funderburg was designated a sexually oriented offender as well.
 {¶ 3} At the sentencing hearing, the trial court listened to a statement from the fifteen-year-old victim's father, Michael Kennedy. (Transcript of Sentencing March 5, 2004, 9-11). Mr. Kennedy talked about the effect Funderburg's sexual offense had upon his daughter. He characterized his formerly bright, active teenager as withdrawn, frightened and unwilling to go anywhere without him. Further, the trial court read into the record letters submitted by the victim's family and friends that corroborated the statement of Mr. Kennedy.
 {¶ 4} Both counsel for the appellant and Funderburg were given an opportunity to speak prior to sentencing. Funderburg's counsel requested a continuance on the day of sentencing to conduct a formal hearing to address the factors in R.C. 2929.12(B). (Tr. 13). Specifically, counsel disputed the factor finding by the trial court of serious psychological harm to the victim, suggesting to the judge:
 {¶ 5} "And when you talk about serious psychological harm, I'm not sure that any lay person can make that opinion." (Tr. 19).
 {¶ 6} Counsel argued in favor of community control sanctions, citing to the psychological report prepared by Dr. Khellaf on the subject of sexually oriented offense designation, as well as Funderburg's lack of prior criminal history.
 {¶ 7} The court overruled counsel's request for a continuance and pronounced a two-year sentence, finding based on Mr. Kennedy's statement to the court as well as the pre-sentence investigation, that the victim suffered serious psychological harm as a result of Funderburg's sexual offense.
 II {¶ 8} Funderburg's first assignment of error is as follows:
 {¶ 9} "The trial court erred by overruling defendant's request for a formal sentencing hearing."
 {¶ 10} Funderburg argues that the trial court's finding of serious psychological harm pursuant to R.C. 2929.12(B) after denying a continuance of the sentencing hearing constitutes a denial of his right of confrontation as guaranteed by the Sixth Amendment to the Constitution of the United States. We disagree.
 {¶ 11} Funderburg provides no authority for his argument. Neither the due process clause nor the confrontation clause require the court to conduct an evidentiary hearing wherein the victim's father would be subject to cross-examination. "In proceedings ancillary to criminal convictions, such as sentencing * * *, courts have long held that it is proper for a trial court to consider evidence the defendant does not have an opportunity to confront." State v. Brown, 151 Ohio App.3d 36,2002-Ohio-5207, 783 N.E.2d 539 at ¶ 24 (citing Williams v. New York,
supra).
 {¶ 12} Due process certainly would require that defendants be given an opportunity to rebut inaccurate reports such as mis-information regarding prior convictions. However, this does not extend to a right to cross-examine a child-victim's father regarding his victim impact statement. Clearly, Mr. Kennedy as the parent of a minor child can advise the trial court at sentencing of the impact of the crime upon his daughter.
 {¶ 13} A pre-sentence report, as well as a victim impact statement, can be used to assist the judge in sentencing a defendant within the statutory range in Ohio's statutory scheme. R.C. 2930.13. R.C. 2930.13
specifically permits the victim, or in this case, the victim's father to provide:
 {¶ 14} "an explanation of the nature and extent of any physical, psychological or emotional harm suffered by the victim as a result of crime . . . that is the basis of the case."
 {¶ 15} Additionally, counsel was on notice that pursuant to R.C.2929.12(B) serious psychological harm to a child victim in a sex offense would be an issue at sentencing and a factor the court must consider before imposing sentence.
 {¶ 16} Finally, as we stated in State v. Holty, 2004 WL 1352649 (Ohio App. 2 Dist.) 2004-Ohio-3104, "the decision of whether to grant or deny a motion for continuance" lies within the sound discretion of the trial court. State v. Unger (1981), 67 Ohio St.2d 65, 67, 423 N.E.2d 1078. Accordingly, the trial court's decision will not be reversed unless the court's attitude was unreasonable, arbitrary or unconscionable. Id. Citation omitted. State v. Adams (1980), 62 Ohio St.2d 151, 157,404 N.E.2d 144.
 {¶ 17} The record supports a finding that the trial court's denial of Funderburg's motion for continuance was both reasonable and constitutional. In pertinent part, the trial judge denied the continuance stating:
 {¶ 18} "THE COURT: You know what you're requesting is something that really I have never seen before in a sentencing hearing. We've heard actually the father of the complainant actually representing to the court certain facts and you're now asking that sentencing be delayed so you can check out whether or not Mr. Kennedy is truthful. I don't believe the law allows that.
 {¶ 19} "What the law does allow is if there were any reason to believe — the court to be concerned about the accuracy of the facts upon which the court makes a conclusion, yes, then you would be entitled to a hearing but there is no basis that I have before me at this point in time and there is speculation that you think perhaps facts may not be — that's speculation. All I can do is act upon what is before me. Unless I have reason to think that Mr. Kennedy in particular, lied to the court regarding the behavior of his daughter subsequent to this offense, court should go ahead and proceed with sentencing. So I don't believe you've presented to the court this morning a basis to have a further hearing in this matter so that request is overruled."
 {¶ 20} The court's rationale for denying a continuance was neither arbitrary nor unreasonable.
 {¶ 21} Accordingly, Funderburg's assignment of error is without merit and overruled.
 III {¶ 22} Funderburg's second assignment of error is as follows:
 {¶ 23} "The trial court erred by finding that imposing the shortest prison term would demean the seriousness of the offense."
 {¶ 24} Funderburg essentially argues that the balance of the seriousness factors contained within R.C. 2929.12(B) outweigh the finding by the trial court of serious psychological harm.
 {¶ 25} Defendant suggests that Dr. Khellaf who examined Funderburg pursuant to a court order recommended that Funderburg receive community control sanctions. (Exh. I). However, Dr. Khellaf's primary purpose in evaluating Funderburg was to aid the trial court in making a designation under Ohio's sexual predator law pursuant to R.C. 2950.09(2).
 {¶ 26} Funderburg also asserts that the trial court attributed more weight to the serious psychological harm factor and essentially that a proper weighing of all the factors do not support the imposition of a prison term. We strongly disagree with these arguments.
 {¶ 27} The structure of Ohio sentencing law provides that the trial court's findings under R.C. 2929.03, 2929.04, 2929.11, 2929.12, 2929.13, and 2929.14 determine a particular sentence. State v. Martin (1995),136 Ohio App.3d 355, 736 N.E.2d 907. A trial court has broad discretion in fashioning a sentence that complies with the purposes and principles of sentencing set out in R.C. 2929.11.
 {¶ 28} An appellate court may modify a sentence only if it clearly and convincingly finds either (1) the record does not support the sentencing court's findings or (2) that the sentence is contrary to law. An appellate court should not, however, simply substitute its judgment for that of the trial court, as "clearly the trial court is in a better position to judge the defendant's dangerousness and to ascertain the effect of the crime on the victim." State v. Jones (2001),93 Ohio St.3d 391, 400, 754 N.E.2d 1252.
 {¶ 29} "A third degree felony may be punished by a prison term of one, two, three, four, or five years. R.C. 2929.14(A)(3). In deciding whether incarceration is an appropriate sentence in third degree felony cases, the sentencing court shall comply with the purposes and principles of sentencing under R.C. 2929.11 and with R.C. 2929.12."
 {¶ 30} "R.C. 2929.11 states that the overriding purposes of felony sentencing are to protect the public from future crime and to punish the offender. The trial court should be given broad discretion in determining, the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11. R.C. 2929.12
enumerates a nonexclusive list of seriousness and recidivism factors that sentencing courts must consider. Trial courts should be given significant discretion in applying these and other statutory factors." State v.Arnett (2000), 88, Ohio St.3d 208, 724 N.E.2d 793."
 {¶ 31} Where a court as here elects to impose a prison term, it must impose the shortest term mandated unless "the court finds on the record that the shortest term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender." R.C. 2929.14(B)(2).
 {¶ 32} During the sentencing hearing herein, the trial court extensively and exhaustively discussed the factors of R.C. 2929.12 and found that the more serious factors outweighed the less serious factors. Specifically, the trial court found that "when this offense was committed, you were 58 years old and you had sex with a 15-year-old girl. That's an age difference of 40 years, a 43-year age difference."
 {¶ 33} Further, the trial court found "that you (Funderburg) did supply drugs to the victim and you had sex with her knowing she was in a vulnerable situation. And the court finds that based upon certainly that statement of Mr. Kennedy alone that I heard this morning that this crime has caused enormous psychological trauma to the victim in this case."
 {¶ 34} Lastly, the court concluded that "the court has more than enough basis to conclude that this victim suffered serious psychological harm as a result of this offense," stating:
 {¶ 35} "The mental injury which is obvious in this case suffered by the victim was due to the contact of the defendant is exacerbated because of the physical and mental condition of the victim. She was fifteen years of age at the time. Court finds that the defendant did cause serious psychological harm as a result of this offense as evidenced by the letters as evidenced by the father." The court went on to specifically reject defendant's argument that the victim strongly provoked the offense, finding "the probability is he (Funderburg) supplied drugs to her as a predicate to the sex . . ."
 {¶ 36} The conclusion reached by the court was also reached by the Adult Probation Department and referenced by the court, "Quote: the victim has suffered serious trauma as a result of the offense and incarceration appears to be warranted."
 {¶ 37} After reviewing the entire record, including the pre-sentence investigation and Funderburg's psychological evaluation, we cannot find by clear and convincing evidence that the sentence is contrary to law. The trial court's findings are supported by the record. In fact, by his own admission, Funderburg acknowledged to the presentence writer that he "believes the victim has been hurt by this incident . . ."
 {¶ 38} The court complied with all applicable law in imposing a two-year sentence. Accordingly, Funderburg's second assignment of error is without merit and is overruled.
 {¶ 39} The judgment of the trial court is affirmed.
Brogan, P.J., concurs.