Froelich, Judge,
concurring.
{¶ 195} It may well be that the defense attorney believed that his client would be sentenced to four years; however, the judge made it very clear to counsel and appellant that the judge understood the recommendation of the prosecutor and the desire of the defense but that the ultimate sentence was totally within the discretion of the court.
{¶ 196} Counsel, his client, and some family members met privately. We may never know exactly what was said, but the court conducted a hearing and found that any statements made by the defense counsel were the lawyer’s predictions or opinions as to what the judge would do and not the lawyer’s promise or the relaying of a promise made by the judge. I can certainly appreciate how the defendant could have subjectively anticipated, based on what he believed he heard, that he was going to receive four years and that he believes that he was misled by his attorney; but the court found that his plea was voluntary, knowing, and intelligent, and I agree that that finding was not an abuse of discretion.
{¶ 197} R.C. 2951.03(B)(1) provides that if a court orders a presentence investigation, the court shall permit the defendant or defendant’s counsel to read the report with certain exceptions including “any recommendation as to sentence.” In the report that was prepared, under the section “Position of Prosecuting Attorney/Police,” it states: “At the time of sentencing, the State will recommend a sentence of not more than four years.” The final section, “Recommendation,” states that it is “not provided to attorney or State in accordance with ORC § 2951.03(B)(1)(a).” It includes the recommendation of the probation officer and a seriousness and recidivism checklist that she prepared. Then, under “Victim Information,” a letter is included from a caseworker and supervisor at Children Services; this letter informs the court of the “serious emotional problems” suffered by the children, the therapy and counseling they have received, and the fact that a “psychiatrist” reported that this was the “most severe case of PTSD that he has ever treated.” The letter requests the “highest level of sentencing.”
{¶ 198} This section also includes a letter from the foster parents of two of the children regarding the trauma and fear experienced by one of the children. Last is the letter from Captain Spicer (the record does not explain why it was not included in the “non-confidential” section for “Position of Prosecuting Attorney/Police”). While making his sentencing recommendation, he alludes to damaging opinions from a “child psychologist.” There were no reports from a psychiatrist or a child psychologist before the court at the time of sentencing.
*632 {¶ 199} The court also mentions at sentencing that it had “voluminous letters from many people,” but these letters are not part of the presentence investigation or otherwise in the record at the time of sentencing. It has been found that “letters from interested parties attempting to persuade the judge to their viewpoint or to bring some information to the judge’s attention constitute improper ex parte communications.” State v. Sanders, 188 Ohio App.3d 452, 2010-Ohio-3433, 935 N.E.2d 905, ¶ 20, citing State ex rel. Beacon Journal Publishing Co. v. Whitmore (1998), 83 Ohio St.3d 61, 63, 697 N.E.2d 640; cf. State v. Johnson, 164 Ohio App.3d 792, 2005-Ohio-6826, 844 N.E.2d 372, ¶ 38.
{¶ 200} The United States Supreme Court has held that a defendant is “denied due process of law when the death sentence was imposed, at least in part, on the basis of information which he had no opportunity to deny or explain.” Gardner v. Florida (1977), 430 U.S. 349, 362, 97 S.Ct. 1197, 51 L.Ed.2d 393. Some courts have held Gardner limited to capital cases and found no problem with issuing only a summary of the presentence investigation. See, e.g., State v. Harris, Williams App. No. WM-09-015, 2010-Ohio-3526, 2010 WL 2990818, ¶ 24; Stewart v. Erwin (C.A.6, 2007), 503 F.3d 488, 497. But “[d]ue process certainly would require that defendants be given an opportunity to rebut inaccurate reports * * State v. Funderburg, Montgomery App. No. 20450, 2005-Ohio-2235, 2005 WL 1060595, ¶ 12. And how would a defendant be aware of what he believed to be inaccurate information without access to the report or a summary?
{¶ 201} The “recommendation as to sentence” that is excluded by statute from the defendant’s inspection is the recommendation of the probation department, not of every individual, be they law enforcement, social worker, psychologist, or concerned citizen. There is no reason to doubt the facts, conclusions, or sincere opinions of the investigating officer, the foster parents, the CSB caseworkers, Dr. Battle, the psychiatrist, or the “voluminous letters.” But these were not made known to the appellant, and although the opinions conclude with a request/suggestion/demand/recommendation for a sentence, they are preceded by facts or the opinions of others. (For example, the children are seeing a psychiatrist and that his or her opinion is that the children are experiencing severe PTSD.)
{¶ 202} While the court has broad discretion in imposing a sentence, a defendant has the right to know, at least generally, what is informing that discretion. If there is information that the court deems should not be made available to the defendant, the court should state the reasons for this decision and make this information part of the record (albeit under seal) and then state on the record a summary of the information so that the defendant can have at least that opportunity to respond or comment.
{¶ 203} I concur in the remand with the mandate that the sentencing judge not consider any opinion from anyone associated with the prosecution or law enforce *633 ment, except the prosecutor assigned to the case who recommended not more than four years. Although I agree that this issue is not presently before us, it is my opinion that the trial court should not consider any information, whether it be couched as opinion, fact, or recommendation, from anyone (except its own probation officer) without allowing the defendant and his counsel to comment upon it.