[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 61.]

THE STATE EX REL. BEACON JOURNAL PUBLISHING CO. *v.* WHITMORE, JUDGE.

[Cite as *State ex rel. Beacon Journal Publishing Co. v. Whitmore*,

**1998-Ohio-180.**]

*Public records—Mandamus to compel common pleas court judge to provide relator*

*access to letters the judge received from members of the public attempting*

*to influence her sentencing decision in a criminal case—Writ denied, when.*

(No. 97-1673—Submitted May 26, 1998—Decided August 19, 1998.)

IN MANDAMUS.

_____

{¶ 1} Respondent, Summit County Court of Common Pleas Judge Beth Whitmore, presided over the criminal case captioned *State of Ohio v. Nathaniel Lewis*. Following trial, the jury returned a verdict finding Lewis guilty of rape. Judge Whitmore then ordered that the probation department prepare a presentence investigation report.

{¶ 2} Before sentencing, Judge Whitmore received seven letters from members of the public attempting to influence her sentencing decision concerning Lewis. None of the authors of the letters requested that the letters be considered confidential, and all but one of the letters are notarized. Judge Whitmore neither solicited nor required these letters. The letters were not part of the presentence investigation report conducted by the probation department.

{¶ 3} Letters addressed to Judge Whitmore are received by her office and placed in her in-box, together with other incoming documents and correspondence. She glances through the letters and then places those letters involving sentencing in a temporary file to review at the time she receives the applicable presentence investigation report. When she receives the presentence investigation report, any correspondence that relates to her sentencing decision in that case is attached to the

report. Judge Whitmore then usually reviews the report and the letters the night before the sentencing hearing.

{¶ 4} Judge Whitmore claimed that she generally never relies on information in unsolicited letters she receives from the public regarding a sentencing decision and that she specifically did not rely on any of the letters she received to make her sentencing decision in *Lewis*. Judge Whitmore, however, conceded that she could not "absolutely * * * wipe [her] mind clean of everything [she] receive[d] outside of the presentence investigation," including the letters. Judge Whitmore also noted that if information in a letter might lead to something she wanted to rely upon in a sentencing decision, she would ask the probation department to verify the information. But she could not recall ever requesting this supplemental information, thus indicating that she did not use the letters in her sentencing decision in *Lewis*.

{¶ 5} On July 15, 1997, Judge Whitmore sentenced Lewis to eight years in prison for his rape conviction. After sentencing, Judge Whitmore sent the presentence investigation report and all attached materials, including the letters, to the probation department. Judge Whitmore usually does not see the report and letters again unless there is a postjudgment motion, *i.e.*, a motion for super shock probation.

{¶ 6} Shortly following Judge Whitmore's sentencing decision in *Lewis*, relators, the Beacon Journal Publishing Company and its editor and reporter, Robert Paynter, requested access to the seven letters received by Judge Whitmore concerning the sentencing of Lewis. After Judge Whitmore refused relators' requests, they filed a complaint for writs of mandamus and prohibition to compel Judge Whitmore to provide access to the letters under Ohio's Public Records Act, R.C. 149.43. We dismissed the prohibition claim, granted an alternative writ of mandamus, and issued a schedule for the presentation of evidence and briefs. 79

Ohio St.3d 1500, 684 N.E.2d 85. The parties submitted evidence and briefs, and Judge Whitmore submitted the letters requested by relators to the court under seal.

{¶ 7} This cause is now before the court for a consideration of the merits of relators' claim for a writ of mandamus.

_____

*Roetzel & Andress*, *Ronald S. Kopp* and *Amie L. Bruggeman*, for relators.

*Maureen O'Connor*, Summit County Prosecuting Attorney, and *Christopher C. Esker*, Assistant Prosecuting Attorney, for respondent.

_____

*Per Curiam.*

*R.C. 149.011(G) and 149.43; Public Records*

{¶ 8} Relators assert that they are entitled to a writ of mandamus to compel the disclosure of the requested letters.

{¶ 9} Mandamus is the appropriate remedy to compel compliance with Ohio's Public Records Act, R.C. 149.43. *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 426, 639 N.E.2d 83, 89. A "public record" is "any record that is kept by any public office * * *." R.C. 149.43(A)(1). Judge Whitmore's office is a "public office." R.C. 149.011(A) and (B). R.C. 149.011(G) defines "records" broadly to include "*any document*, device, or item, regardless of physical form or characteristic, created or *received by* or coming under the jurisdiction of *any public office of the state or its political subdivisions, which serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office*." (Emphasis added.) See, generally, *State ex rel. Thomas v. Ohio State Univ.* (1994), 71 Ohio St.3d 245, 246-247, 643 N.E.2d 126, 128.

{¶ 10} While it is uncontroverted that Judge Whitmore received the letters and placed them in her files, we hold that, for the following reasons, the letters were not "records" for purposes of R.C. 149.011(G) and 149.43 because they do not

serve to document Judge Whitmore's sentencing decision or any other activity of her office.

{¶ 11} Judge Whitmore did not use the letters in her decision to sentence Lewis. The R.C. 149.011(G) definition of "records" has been construed to encompass " 'anything a governmental unit utilizes to carry out its duties and responsibilities * * *.' " *State ex rel. Mazzaro v. Ferguson* (1990), 49 Ohio St.3d 37, 39, 550 N.E.2d 464, 466, quoting *State ex rel. Jacobs v. Prudoff* (1986), 30 Ohio App.3d 89, 92, 30 OBR 187, 190, 506 N.E.2d 927, 930; see, also, *State ex rel. Rea v. Ohio Dept. of Edn.* (1998), 81 Ohio St.3d 527, 530, 692 N.E.2d 596, 600. Judges often receive numerous letters from interested parties attempting to persuade the judge to their viewpoint or to bring some information to the judge's attention. Many judges have their staff screen and discard such mail because it constitutes an improper *ex parte* communication, or a judge may, once it becomes apparent what the letter involves, cease reading the letter and, preferably discard the same. Here, although Judge Whitmore did not discard the letters, she never utilized the letters in her sentencing decision. Therefore, the letters are not subject to disclosure because they do not serve to document the organization, functions, policies, decisions, procedures, operations, or other activities of Judge Whitmore's office. See *State ex rel. Wilson-Simmons v. Lake Cty. Sheriff's Dept.* (1998), 82 Ohio St.3d 37, 41, 693 N.E.2d 789, 792-793.

{¶ 12} By so holding, we reject relators' contention that a document is a "record" under R.C. 149.011(G) if the public office "*could* use" the document to carry out its duties and responsibilities. While we noted in *Mazzaro* that "the Auditor either did *or could have used* Deloitte's records in furtherance of its responsibility to complete the Euclid biennial audit," we emphasized the *Jacobs* test of "anything a governmental unit *utilizes* to carry out the duties and responsibilities" to determine whether the documents were records under R.C.

149.011(G). (Emphasis added.) *Mazzaro*, 49 Ohio St.3d at 39, 550 N.E.2d at 466; *Jacobs*, 30 Ohio App.3d at 92, 30 OBR at 190, 506 N.E.2d at 930.

{¶ 13} *Mazzaro* involved records prepared by a private auditor based on authority delegated by a public officer. The dictum in *Mazzaro* does not expand the R.C. 149.011(G) definition of "records." Just as R.C. 149.43(A)(1) "does not define a 'public record' as any piece of paper on which a public officer writes something," *State ex rel. Steffen v. Kraft* (1993), 67 Ohio St.3d 439, 440, 619 N.E.2d 688, 689, R.C. 149.43 and 149.011(G) do not define "public record" as any piece of paper received by a public office that *might* be used by that office. Cf. *Tax Analysts v. United States Dept. of Justice* (C.A.D.C.1988), 845 F.2d 1060, 1068 ("Of course, agency possession and power to disseminate a document are still insufficient by themselves to make it an 'agency record.' * * * Agencies must use or rely on the document to perform agency business, and integrate it into their files, before it may be deemed an 'agency record.' "). A contrary conclusion would lead to the absurd result that any document received by a public office and retained by that office would be subject to R.C. 149.43 regardless of whether the public office ever used it to perform a public function. The plain language of R.C. 149.011(G), which requires more than mere receipt and possession of a document in order for it to be a record for purposes of R.C. 149.43, prohibits this result. *Wilson-Simmons*, 82 Ohio St.3d at 41, 693 N.E.2d at 792-793.

{¶ 14} Based on the foregoing, the letters are not records under R.C. 149.011(G) and are not subject to disclosure as public records under R.C. 149.43. Accordingly, we deny the writ.

*Writ denied.*

DOUGLAS, RESNICK, F.E. SWEENEY and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., PFEIFER and COOK, JJ., dissent.

_____

**COOK, J., dissenting.**

{¶ 15} I respectfully dissent. For the following reasons, the majority errs by failing to hold that the requested letters are records under R.C. 149.011(G) and are subject to disclosure as public records under R.C. 149.43.

Records

{¶ 16} First, Judge Whitmore used the letters to carry out her duty to sentence Lewis. As the majority notes, the R.C. 149.011(G) definition of "records" includes " 'anything a governmental unit utilizes to carry out its duties and responsibilities * * *.' " *State ex rel. Mazzaro v. Ferguson* (1990), 49 Ohio St.3d 37, 39, 550 N.E.2d 464, 466, quoting *State ex rel. Jacobs v. Prudoff* (1986), 30 Ohio App.3d 89, 92, 30 OBR 187, 190, 506 N.E.2d 927, 930. Although Judge Whitmore claims that she did not ultimately *rely* on the letters in her sentencing decision, she nevertheless *utilized* them in sentencing Lewis by reviewing them before sentencing to determine whether further inquiry or verification by the probation department was required.

{¶ 17} Judge Whitmore also integrated the letters into a probation department file that she reviews if a postjudgment motion is filed. The uncontroverted evidence thus establishes that the letters, which Judge Whitmore reviewed, integrated into her court and probation department files, and used to determine whether further verification before sentencing was required, were records under R.C. 149.011(G). The letters "document the * * * policies, decisions, procedures, operations, or other activities" of Judge Whitmore's office. See R.C. 149.011(G).

{¶ 18} Second, the majority's conclusion that the letters are not records for purposes of the Public Records Act is inconsistent with comparable federal precedent. In *Tax Analysts v. United States Dept. of Justice* (C.A.D.C.1988), 845 F.2d 1060, 1069, which is cited in the majority opinion, the federal court of appeals held that the four relevant considerations for determining whether a document

6

received by a federal agency constitutes an "agency record" for purposes of the federal Freedom of Information Act ("FOIA") are (1) the intent of the document's creator to retain or relinquish control over the records, (2) the ability of the agency to use and dispose of the record as it sees fit, (3) the extent to which the agency personnel have read or relied upon the document, and (4) the degree to which the document was integrated into the agency's record system or files. See, also, *Gallant v. Natl. Labor Relations Bd.* (C.A.D.C.1994), 26 F.3d 168, 172. Here, the authors of the letters intended to relinquish control of their letters to Judge Whitmore for use in her sentencing decision in *Lewis.* Judge Whitmore had the authority to use and dispose of the letters as she saw fit. Judge Whitmore reviewed the letters prior to sentencing and used them in her sentencing decision to determine whether further inquiry or verification was warranted, and she integrated the letters into the probation department file on Lewis.

{¶ 19} Third, the majority's conclusion contravenes our duty to liberally construe R.C. 149.43 and 149.011(G) in favor of broad access, with any doubt resolved in favor of disclosure of public records. See, generally, *State ex rel. Gannett Satellite Info. Network, Inc. v. Shirey* (1997), 78 Ohio St.3d 400, 401, 678 N.E.2d 557, 559.

{¶ 20} Fourth, the majority's holding does not advance the preeminent purpose of R.C. 149.43, *i.e.,* " 'to expose government activity to public scrutiny, which is absolutely essential to the proper working of a democracy.' " *State ex rel. Gannett Satellite Info. Network, Inc. v. Petro* (1997), 80 Ohio St.3d 261, 264, 685 N.E.2d 1223, 1227, quoting *State ex rel. WHIO-TV-7 v. Lowe* (1997), 77 Ohio St.3d 350, 355, 673 N.E.2d 1360, 1364. The public has an unquestioned interest in knowing which individuals or entities are attempting to influence a judge's decision in a pending case when the records documenting such attempts are received, considered, and integrated by the judge into her files.

**{¶ 21}** Finally, while I agree with the majority's rejection of relators' contention that a document is a record under R.C. 149.011(G) if the public office "*could* use" the document to carry out its duties and responsibilities, the fact remains that in the case at bar, Judge Whitmore *used* the letters in conjunction with carrying out her duties and responsibilities.

**{¶ 22}** Based on the foregoing, the letters are public records under R.C. 149.011(G) and 149.43 and are subject to disclosure unless some exception to disclosure applies. For the reasons that follow, I would also find that none of the exceptions raised here is applicable.

State Law Exemptions; Presentence Investigation Report

**{¶ 23}** R.C. 149.43(A)(1)(p) prohibits the disclosure of "[r]ecords the release of which is prohibited by state or federal law." *State ex rel. The Plain Dealer v. Ohio Dept. of Ins.* (1997), 80 Ohio St.3d 513, 518, 687 N.E.2d 661, 668. R.C. 2951.03(D) and Crim.R. 32.2(C) provide that presentence investigation reports are confidential and therefore not subject to disclosure under R.C. 149.43. See *In re Special Grand Jury Investigation Concerning Organic Technologies* (1995), 74 Ohio St.3d 30, 32-33, 656 N.E.2d 329, 331; *State v. Dietz* (1993), 89 Ohio App.3d 69, 73-74, 623 N.E.2d 613, 616.

**{¶ 24}** Judge Whitmore contends that the letters are excepted from disclosure because they are part of the probation department's presentence investigation report on Lewis. But, as Judge Whitmore conceded in her deposition testimony, the letters were not part of the report prepared by the probation department. See R.C. 2951.03(A)(1). Therefore, the claimed exception to disclosure is inapplicable. *State ex rel. James v. Ohio State Univ.* (1994), 70 Ohio St.3d 168, 169, 637 N.E.2d 911, 912 ("[E]xceptions to disclosure are to be construed strictly against the custodian of public records and doubt should be resolved in favor of disclosure.").

Public Policy

**{¶ 25}** Judge Whitmore finally contends that as a matter of public policy, unsolicited letters attempting to influence sentencing decisions that are used by a judge to determine whether further investigation prior to sentencing is necessary should not be subject to disclosure under R.C. 149.43.  Though Judge Whitmore's viewpoint reflects a genuine concern for the privacy of those who send letters to judges, I nevertheless cannot agree with her contention.

**{¶ 26}** First, " 'the General Assembly has already weighed and balanced the competing public policy considerations between the public's right to know how its state agencies make decisions and the potential harm, inconvenience or burden imposed on the agency by disclosure.' " *State ex rel. Thomas v. Ohio State Univ.* (1994), 71 Ohio St.3d 245, 249, 643 N.E.2d 126, 130, quoting *James*, 70 Ohio St.3d at 172, 637 N.E.2d at 913-914.

**{¶ 27}** Second, because only letters that are actually used by judges in connection with their public duties and integrated into public office files are public records, public policy favors the public disclosure of these records.  See, *e.g., Tax Analysts*, 845 F.2d at 1069.

Conclusion

**{¶ 28}** Accordingly, for the foregoing reasons, relators are entitled to a writ of mandamus to compel Judge Whitmore to provide access to the requested letters. Because the majority opinion does not grant relators the relief to which they are entitled, I dissent.

MOYER, C.J., and PFEIFER, J., concur in the foregoing dissenting opinion.

_____