Because I would grant the writ in its entirety, I must respectfully dissent from those portions of the majority opinion that deny access to an unredacted version of the incident report.
The majority correctly observes that the policy rationale underlying the uncharged suspect exception is to "avoid adverse publicity for an uncharged suspect who, but for the disclosure, may not have been identified with the investigation in any way," but denies access to the incident report based on an expansive interpretation of the exception. This runs afoul of the general rule that R.C. 149.43 must be construed liberally in favor of disclosure, and:
 contravenes our duty to liberally construe R.C. 149.43 * * * in favor of broad access, with any doubt resolved in favor of disclosure of public records. * * * [This conclusion] does not advance the preeminent purpose of R.C. 149.43, i.e., "`to expose government activity to public scrutiny, which is absolutely essential to the proper working of a democracy.'"
(Citation omitted.) State ex rel. Beacon Journal Co. v. Whitmore
(1998), 83 Ohio St.3d 61, 65, Cook, J., dissenting.
For these reasons, I respectfully dissent.