Lundberg Stratton, J.,
concurring in part and dissenting in part.
{¶ 12} I agree with the decision dismissing the Enquirer’s mandamus claim. However, because I believe that the Enquirer’s complaint lacked merit, I would *20 also dismiss the claim for attorney fees. Therefore, I respectfully dissent from the majority’s remand for further proceedings on the request for attorney fees.
{¶ 13} The Cincinnati Public Schools directed candidates for the position of superintendent to submit applications to a post office box by March 15, 2009. As in a competitive bidding process, the school district intended to wait until the day after the deadline to review all submissions at once.
{¶ 14} On February 5, 2009, the Cincinnati Enquirer submitted a public records request to the Cincinnati Public Schools for copies of all documents submitted by candidates for the superintendent position. The school district notified the newspaper that it had not opened the post office box and that the contents, if any, had not yet used by the district. The school district agreed to make the documents available for inspection and copying once it had retrieved the contents of the post office box following the March 15, 2009 deadline. Despite this information, the Enquirer proceeded to file a complaint in mandamus for an order requiring the Cincinnati Public Schools to make the records available for inspection.
{¶ 15} The school district opened the post office box and retrieved the contents on March 16, 2009, and promptly produced copies of the requested documents to the Enquirer the following day. The newspaper has not challenged the sufficiency of the records produced.
{¶ 16} I believe that the requested documents did not constitute public records subject to R.C. 149.43 when the Enquirer made its initial request. On February 5, 2009, the contents of the post office box were not records that the school district had used “to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office.” R.C. 149.011(G). The district was not obligated to produce copies of the documents until it had used them to carry out the school district’s duties and responsibilities, at which point they became public records subject to inspection. State ex rel. Beacon Journal Publishing Co. v. Whitmore (1998), 83 Ohio St.3d 61, 63, 697 N.E.2d 640. Thus, there was no violation of R.C. 149.43, and the Enquirer’s complaint is meritless.
{¶ 17} The majority remands for the court to consider the Enquirer’s request for attorney fees on the ground that the dismissal of a complaint as moot does not defeat a claim for attorney fees. However, while I agree that the complaint is moot, I also believe that the Enquirer filed a meritless claim; therefore, there is no reason to remand for consideration of attorney fees. “Relators are not entitled to attorney fees concerning those claims that were meritless.” State ex rel. Ohio Patrolmen’s Benevolent Assn. v. Mentor (2000), 89 Ohio St.3d 440, 448, 732 N.E.2d 969.
{¶ 18} Furthermore, although mootness may not preclude an award of attorney fees, such an award under R.C. 149.43 is not mandatory. See State ex rel. *21 Calvary v. Upper Arlington (2000), 89 Ohio St.3d 229, 234, 729 N.E.2d 1182 (Lundberg Stratton, J., concurring in part and dissenting in part). “A court may award attorney fees pursuant to R.C. 149.43 where (1) a person makes a proper request for public records pursuant to R.C. 149.43, (2) the custodian of the public records fails to comply with the person’s request, (3) the requesting person files a mandamus action pursuant to R.C. 149.43 to obtain copies of the records, and (4) the person receives the requested public records only after the mandamus action is filed, thereby rendering the claim for a writ of mandamus moot.” State ex rel. Pennington v. Gundler (1996), 75 Ohio St.3d 171, 661 N.E.2d 1049, syllabus.
Graydon, Head & Ritchey, L.L.P., and John C. Greiner, for appellant.
Taft, Stettinius & Hollister, L.L.P., Mark J. Stepaniak, and Ryan M. Martin, for appellee.
{¶ 19} Even if the claims in the Enquirer’s complaint were only moot, I believe that the claim for attorney fees fails because the Enquirer does not meet the necessary requirements for an award of fees. The Enquirer did not make a proper request, and the school district did not fail to comply. The district promptly responded to the Enquirer’s initial letter and then produced the records in a timely fashion once the district had used the documents and they became records subject to R.C. 149.43. Instead, the Enquirer chose to prematurely file a mandamus claim, knowing that the school district intended to obtain the documents from the post office box on a date certain and had agreed to promptly produce the documents once the post office box was opened. The Enquirer was not entitled to those documents before the school had used them.
{¶ 20} In conclusion, I believe that dismissal was appropriate because these were not public records subject to disclosure at the time of the Enquirer’s request; therefore, the Enquirer’s claim for attorney fees also fails. I concur with the decision affirming part of the judgment of the court of appeals. However, for the reasons stated, I respectfully dissent from the decision to remand the cause for further proceedings on the request for attorney fees.
Pfeifer and O’Donnell, JJ., concur in the foregoing opinion.