THE STATE EX REL. CINCINNATI ENQUIRER, APPELLANT, *v*. RONAN, SUPT.,

APPELLEE.

[Cite as *State ex rel. Cincinnati Enquirer v. Ronan*,

127 Ohio St.3d 236, 2010-Ohio-5680.]

*Court of appeals' judgment denying request for attorney fees in public-records*
*mandamus case affirmed.*

(No. 2010-0217 — Submitted November 16, 2010 — Decided

November 24, 2010.)

APPEAL from the Court of Appeals for Hamilton County, No. C-090155.

_____

**Per Curiam.**

{¶ 1}   This is an appeal from a judgment denying a request for attorney fees in a public-records mandamus case.   Because the court of appeals did not abuse its discretion in denying the request, we affirm the judgment.

**Facts**

{¶ 2}   On February 5, 2009, a reporter for appellant, the Cincinnati Enquirer, a division of Gannett Satellite Information Network, Inc., requested all documents submitted by prospective candidates for the superintendent position of the Cincinnati Public Schools.   Applicants for the superintendent position submitted materials to a post office box leased by the school district.   The school district refused the request at that time because it had not yet checked the post office box and would not do so until March 16:

{¶ 3}   "[Cincinnati Public Schools] plans to empty the contents of the P.O. Box, if any, on Monday, March 16, the first business day after the submission deadline.   A list of the applicants will be prepared and provided to

[the reporter] and others on that date. Resumes and other public records will be available the next day after they are reviewed for redaction as required by law."

{¶ 4} Before March 16, 2009, school district officials had not opened or looked inside the post office box, and no school district official or employee was aware of the contents of the box.

{¶ 5} On March 5, 2009, the Enquirer filed a complaint in the Court of Appeals for Hamilton County for a writ of mandamus to compel appellee, Cincinnati Public Schools Superintendent Mary Ronan, to make the requested records available for inspection and copying. The Enquirer also requested an award of attorney fees. On March 16, 2009, the school district opened the post office box, and after redacting confidential information, it provided the redacted records to the Enquirer the next day. Afterward, Ronan submitted an answer in which she claimed that the Enquirer's mandamus claim was rendered moot because she had produced the responsive records. The court of appeals dismissed the Enquirer's complaint, including its request for attorney fees, based on mootness.

{¶ 6} On appeal, we affirmed the judgment of the court of appeals dismissing the Enquirer's mandamus claim based on mootness. *State ex rel. Cincinnati Enquirer v. Ronan*, 124 Ohio St.3d 17, 2009-Ohio-5947, 918 N.E.2d 515, ¶ 11. Nevertheless, "because the court of appeals erred in dismissing the Enquirer's request for attorney fees based on mootness, we reverse[d] that portion of the judgment of the court of appeals and remand[ed] the cause for further proceedings solely on that request." Id.

{¶ 7} On remand, the court of appeals, quoting *Ronan* at ¶ 16 (Lundberg Stratton, J., concurring in part and dissenting in part), denied the Enquirer's request for attorney fees, holding that the school district was not obligated to provide copies of the documents until it had used them to carry out the school district's duties and responsibilities. The court of appeals further held, "Even if

we had concluded otherwise, any failure to comply was reasonable under the circumstances of this case." *State ex rel. Cincinnati Enquirer v. Ronan* (Jan. 27, 2010), Hamilton App. No. C-090155, 3.

{¶ 8} This cause is now before the court upon the Enquirer's appeal as of right.

## Legal Analysis

{¶ 9} The Enquirer asserts that the court of appeals erred in denying its request for attorney fees because the requested records were public records the moment that the school district received them in its post office box, regardless of when it opened the box and reviewed the submitted documents. "In an appeal of a judgment granting or denying fees in a public records case, we review whether the court abused its discretion." *State ex rel. Dillery v. Icsman* (2001), 92 Ohio St.3d 312, 314, 750 N.E.2d 156; *State ex rel. Doe v. Smith*, 123 Ohio St.3d 44, 2009-Ohio-4149, 914 N.E.2d 159, ¶ 15. "An abuse of discretion means an unreasonable, arbitrary, or unconscionable action." *State ex rel. Beacon Journal Publishing Co. v. Akron*, 104 Ohio St.3d 399, 2004-Ohio-6557, 819 N.E.2d 1087, ¶ 59.

{¶ 10} Under the applicable test, "[a] court may award attorney fees pursuant to R.C. 149.43 where (1) a person makes a proper request for public records pursuant to R.C. 149.43, (2) the custodian of the public records fails to comply with the person's request, (3) the requesting person files a mandamus action pursuant to R.C. 149.43 to obtain copies of the records, and (4) the person receives the requested records only after the mandamus action is filed, thereby rendering the claim for a writ of mandamus moot." *State ex rel. Pennington v. Gundler* (1996), 75 Ohio St.3d 171, 661 N.E.2d 1049, syllabus; see also *State ex rel. Laborers Internatl. Union of N. Am. Loc. Union No. 500 v. Summerville*, 122 Ohio St.3d 1234, 2009-Ohio-4090, 913 N.E.2d 452, ¶ 8 (2007 amendment to R.C. 149.43 does not preclude attorney-fee awards in public-records mandamus cases

that have been rendered moot by the disclosure of the requested records after the mandamus case was filed).

{¶ 11} We agree with the court of appeals' decision that the school district properly complied with the record request by disclosing the records after it retrieved the documents from the post office box. R.C. 149.011(G) defines "records" for purposes of the Public Records Act to include "any document * * * received by * * * any public office of the state or its political subdivisions, which serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office." We have construed this definition to include " 'anything a governmental unit utilizes to carry out its duties and responsibilities.' " *State ex rel. Mazzaro v. Ferguson* (1990), 49 Ohio St.3d 37, 39, 550 N.E.2d 464, quoting *State ex rel. Jacobs v. Prudoff* (1986), 30 Ohio App.3d 89, 92, 30 OBR 187, 506 N.E.2d 927.

{¶ 12} In *State ex rel. Beacon Journal Publishing Co. v. Whitmore* (1998), 83 Ohio St.3d 61, 697 N.E.2d 640, a newspaper sought a writ of mandamus to compel a common pleas court judge to allow access to unsolicited letters she had received from members of the public who were attempting to influence her sentencing decision in a criminal case. We denied the writ because the letters were not records for purposes of the Public Records Act. In so holding, we reasoned:

{¶ 13} "Just as R.C. 149.43(A)(1) 'does not define a "public record" as any piece of paper on which a public officer writes something,' *State ex rel. Steffen v. Kraft* (1993), 67 Ohio St.3d 439, 440, 619 N.E.2d 688, 689; R.C. 149.43 and 149.011(G) do not define 'public record' as any piece of paper received by a public office that *might* be used by that office. Cf. *Tax Analysts v. United States Dept. of Justice* (C.A.D.C.1988), 845 F.2d 1060, 1068 ('Of course, agency possession and power to disseminate a document are still insufficient by themselves to make it an "agency record." * * * Agencies must use or rely on the

document to perform agency business, and integrate it into their files, before it may be deemed an "agency record" '). A contrary conclusion would lead to the absurd result that any document received by a public office and retained by that office would be subject to R.C. 149.43 regardless of whether the public office ever used it to perform a public function. The plain language of R.C. 149.011(G), which requires more than mere receipt and possession of a document in order for it to be a record for purposes of R.C. 149.43, prohibits this result." (Emphasis sic.) Id. at 64.

{¶ 14} In *Whitmore*, the judge reviewed the letters when she reviewed the presentence-investigation report, but she did not rely on the letters in making her sentencing decision. Id. at 61-62. We held that the letters were not records for purposes of R.C. 149.011(G) and 149.43, because the judge had not relied on them. Id. at 63.

{¶ 15} Based on *Whitmore*, the mere receipt by the school district of resumes and other materials sent by applicants for the superintendent position did not make these documents records for purposes of R.C. 149.43. Although the Enquirer attempts to distinguish our holding in *Whitmore* based on the unsolicited nature of the letters at issue there as opposed to the information solicited by the school district in this case, we do not find this distinction dispositive. Instead, the dispositive fact is that "R.C. 149.011(G) * * * requires more than mere receipt and possession of a document in order for it to be a record for purposes of R.C. 149.43." *Whitmore* at 64, 697 N.E.2d 640. The Enquirer's reliance on our decision in *Kish v. Akron*, 109 Ohio St.3d 162, 2006-Ohio-1244, 846 N.E.2d 811, to take a narrower view of *Whitmore* is misplaced. In *Kish*, we expressly held that *Whitmore* was distinguishable because there was no question that the documents submitted to the city's Plans and Permit Division were relied upon, since they were used to calculate the tally and make decisions about the use of compensatory time. *Kish* at ¶ 23.

**{¶ 16}** Therefore, until the school district retrieved the documents from its post office box and reviewed them or otherwise used or relied on them, they were not records subject to disclosure under R.C. 149.43, and the Enquirer was not entitled to them. When the school district opened the post office box and used the documents, the documents became records subject to disclosure under R.C. 149.43, and the school district promptly made them available for inspection and copying at that time.

**{¶ 17}** Moreover, even were we to now agree with the Enquirer's claim that it was entitled to the documents once they were delivered to the school district's post office box and before they were actually retrieved and used by the school district in its job-selection process, the Enquirer would not be entitled to an award of attorney fees. The school district's position that it could withhold the documents until it picked them up from the post office box and reviewed them was reasonable based on our decision in *Whitmore*, even though some facts differed. See *Doe*, 123 Ohio St.3d 44, 2009-Ohio-4149, 914 N.E.2d 159, ¶ 10, 37, 39 (reduction in fee award in public-records mandamus case was justified, in part by respondent's reasonable, good-faith actions); see also *State ex rel. Toledo Blade Co. v. Seneca Cty. Bd. of Commrs.*, 120 Ohio St.3d 372, 2008-Ohio-6253, 899 N.E.2d 961, ¶ 50, quoting *State ex rel. Olander v. French* (1997), 79 Ohio St.3d 176, 179, 680 N.E.2d 962 (" '[c]ourts should not be in the practice of punishing parties for taking a rational stance on an unsettled legal issue' "). Although the public has "an unquestioned public interest in the qualifications of potential applicants for positions of authority in public employment," *State ex rel. Consumer News Servs., Inc. v. Worthington City Bd. of Edn.*, 97 Ohio St.3d 58, 2002-Ohio-5311, 776 N.E.2d 82, ¶ 53, that interest does not compel disclosure until the public office retrieves and reviews the applications and other documents.

**{¶ 18}** Therefore, the court of appeals did not abuse its discretion in denying the Enquirer's request for attorney fees, because the Enquirer was not

entitled to the requested records until they were retrieved and used by the school district in their job-selection process. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

BROWN, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Graydon, Head & Ritchey, L.L.P., and John C. Greiner, for appellant.

Taft, Stettinius & Hollister, L.L.P., Mark J. Stepaniak, and Ryan M. Martin, for appellee.

_____