[Cite as *Viola v. Cuyahoga Cty. Prosecutor's Office*, 2021-Ohio-397.]

| | |
|---|---|
| ANTHONY VIOLA | Case No. 2020-00506PQ |
| Requester | Special Master Jeff Clark |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| CUYAHOGA COUNTY PROSECUTOR'S OFFICE | |
| Respondent | |

{¶1} Ohio's Public Records Act provides that upon request a public office "shall make copies of the requested public record available to the requester at cost and within a reasonable period of time." R.C. 149.43(B)(1). Ohio courts construe the Public Records Act liberally in favor of broad access, with any doubt resolved in favor of disclosure of public records. *State ex rel. Hogan Lovells U.S., L.L.P. v. Dept. of Rehab. & Corr.*, 156 Ohio St.3d 56, 2018-Ohio-5133, 123 N.E.3d 928, ¶ 12. This action is brought under R.C. 2743.75, which provides an expeditious and economical procedure in the Court of Claims to resolve public records disputes.

{¶2} On July 18, 2020, requester Anthony Viola made a written request to respondent Cuyahoga County Prosecutor's Office as follows:

> I have recently learned that former Assistant Cuyahoga County Prosecutor and current Senior Assistant Ohio Attorney General Daniel Kasaris used a personal Yahoo E Mail Account to conduct official business, including e mailing government witness Kathryn Clover, who testified in multiple Grand Jury and Criminal Proceedings. Mr. Kasaris's Yahoo account included his official signature as an Assistant Cuyahoga County Prosecutor.
>
> I am enclosing relevant documents which may assist you in further looking into this matter. This request seeks:
>
> (1) All e mails from this Yahoo account that mention my name, "Anthony Viola" or "Tony Viola."
>
> (2) All e mails from this Yahoo account that mention "Dawn Pasela," a former employee of your office who is deceased. I am attaching a

> copy of Ms. Pasela's obituary, confirming she has no "privacy rights" and that any responsive documents should be made public; and
>
> (3) E mails between Prosecutor Kasaris and Kathryn Clover, or e mails that mention "Kathryn Cover."

(Complaint at 14.) A Prosecutor's Office employee responded verbally that the county did not maintain and could not search Yahoo account records. (*Id.* at 1; Response at 2.)

{¶3} On August 18, 2020, Viola filed a complaint pursuant to R.C. 2743.75 alleging denial of access to public records in violation of R.C. 149.43(B). On September 9, 2020, Viola submitted a letter, copied to respondent's counsel, acknowledging post-complaint receipt of some responsive records from the Prosecutor's Office. Although this submission does not conform to the Rules of Civil Procedure, both parties have relied on its content in subsequent pleadings. On September 29, 2020, Viola submitted another letter, copied to respondent's counsel, with purportedly relevant emails. In the absence of objection, and pursuant to Civ.R. 15(E) and R.C. 2743.75(E)(2), the special master directs the clerk to accept Viola's Sept. 9, 2020 document (Supplemental Pleading I) and September 29, 2020 document (Supplemental Pleading II) for filing.

> On November 19, 2020, the special master ordered the Prosecutor's Office
>
> to preserve and maintain all emails responsive to requester's public records request that were in the personal email account of Assistant Prosecuting Attorney Dan Kasaris on the date of the request. In order to evaluate any claim that these records are excepted from disclosure, the court may be required to conduct an examination in camera.

Following unsuccessful mediation, the Prosecutor's Office filed a combined response and motion to dismiss (Response) on December 4, 2020.[1] Viola filed a motion for judgment (Reply) on December 10, 2020.

---

[1] Viola objects to the response as untimely filed. (Reply at 1.) However, the day following Thanksgiving is not a business day for this court. With that day excluded from the ten-business day calculation, the response was timely filed.

{¶4} During litigation, the Prosecutor's Office provided Viola with 572 pages of records from its email server responsive to Request No. 3 for "E mails between Prosecutor Kasaris and Kathryn Clover, or e mails that mention 'Kathryn Cover.'" (Supplemental Pleading I at 1-2; Response at 1-3.) Although the Prosecutor's Office redacted portions of these records based on exemptions for attorney work product, trial preparation records, and grand jury materials, Viola has asserted no objection thereto. Nor has he disputed that this disclosure includes all records responsive to Request No. 3 that exist on the Prosecutor's Office's email server. The special master finds that the claim regarding Request No. 3 is moot as to the documents provided.

{¶5} With respect to Requests Nos. 1 and 2 for office email records allegedly kept in Kasaris' personal email account, Viola seeks the following relief:

> I am respectfully asking the Ohio Court of Claims to determine whether or not Mr. Kasaris utilized his personal Yahoo E Mail account to conduct official business, and whether or not affixing his official government signature on these e mails requires - at a minimum - that government agencies at least search that account for responsive public records.

(Complaint at 4.) The Prosecutor's Office agrees that Kasaris maintained a personal email account but denies there is any evidence that Prosecutor's Office email records are stored there. The Prosecutor's Office denies that it has any obligation to conduct a search of Kasaris' personal account.

**Burden of Proof**

{¶6} A requester must establish any public records violation by clear and convincing evidence. *Hurt v. Liberty Twp.*, 2017-Ohio-7820, 97 N.E.3d 1153, ¶ 27-30 (5th Dist.). At the outset, Viola bears the "burden of production" to plead and prove facts showing that he sought identifiable public records pursuant to R.C. 149.43(B)(1), and that the Prosecutor's Office did not make those records available. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 33. An implicit element of this

burden is to show that the items sought meet the statutory definition of "records," and are thus subject to the Public *Records* Act.

**Records and Non-Records**

"Records" are defined in R.C. 149.011(G) as including:

> any document, device, or item, regardless of physical form or characteristic, including an electronic record as defined in section 1306.01 of the Revised Code, created or received by or coming under the jurisdiction of any public office of the state or its political subdivisions, which serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office.

A putative record must satisfy all three elements of the definition. The parties do not dispute that email communications meet the first element as "any document" and "an electronic record." However, the Prosecutor's Office argues that Viola fails to prove that any requested email from Kasaris' personal account meets the third element of serving "to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office." Analysis will thus focus on the third element. [2]

**Non-Records**

{¶7} The definition of a "record" does not include every piece of paper on which a public officer writes something. *State ex rel. Cincinnati Enquirer v. Ronan*, 127 Ohio St.3d 236, 2010-Ohio-5680, 938 N.E.2d 347, ¶ 13. Even for email within a public office's account, a requester must show that the email actually served to document "an official duty or activity of the office" to qualify as a record of the office. *State ex rel. Wilson-Simmons v. Lake Cty. Sheriff's Dept.*, 82 Ohio St.3d 37, 41, 693 N.E.2d 789 (1998) (e-mail consisting of racist slurs against a co-worker, although reprehensible, was not used to conduct sheriff's department business). *Accord State ex rel. Beacon Journal Publ. Co. v. Whitmore*, 83 Ohio St.3d 61, 63-64, 697 N.E.2d 640 (1998). The test is not

---

[2] Neither party expressly addresses the second statutory element – that the item must have been "created or received by or [come] under the jurisdiction of" the public office. For the sake of concision, this issue will not be analyzed in this report, as the outcome is conclusively resolved by the third element.

whether Viola feels an email could be useful or of interest to him, but rather whether it was used by the Prosecutor's Office to document its official duties and activities.

### Non-Existent Records

{¶8} A public office has no duty to provide records that do not exist, or that it does not possess. *State ex rel. Gooden v. Kagel*, 138 Ohio St.3d 343, 2014-Ohio-869, 6 N.E.3d 471, ¶ 5, 8-9. An office may establish by affidavit that all existing records have been provided. *State ex rel. Fant v. Flaherty*, 62 Ohio St.3d 426, 427, 583 N.E.2d 1313 (1992); *State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port Auth.*, 121 Ohio St.3d 537, 2009-Ohio-1767, 905 N.E.2d 1221, ¶ 15. Although the office's affidavit may be rebutted by evidence showing a genuine issue of fact, a requester's mere belief based on inference and speculation does not constitute the evidence necessary to establish that a document exists as a record. *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 133 Ohio St.3d 139, 2012-Ohio-4246, 976 N.E.2d 877, ¶ 22-26.

### Evidence Submitted

{¶9} Former Assistant Prosecuting Attorney Daniel Kasaris maintained a private email account, danieljkasaris@yahoo.com, at all times relevant to this action. (Kasaris Aff. at ¶ 7-8.) With respect to Viola's requests, Kasaris attests that:

> I have conducted a search of my personal email account, daniel jkasaris@vahoo.com based on the criteria set forth in Requester's public records request. That search yielded no emails that relate to any case or matter involving the CCPO or that related to my employment or duties with the CCPO.

(Kasaris Aff. at ¶ 10.) This testimony is some evidence supporting the non-existence of responsive Prosecutor's Office records in his personal account. Kasaris admits that he included his office title in the signature block he used for his personal account. This practice can indicate a signer is communicating in his official capacity, but could be merely for vanity or, as Kasaris attests, "as a means of promoting my political interest." (*Id*. at ¶ 11.) The use of his office title in the signature block does not, standing alone,

constitute clear and convincing evidence that any email in Kasaris' personal account served to document his official duties and activities in the Prosecutor's Office.

{¶10} In support of his claim, Viola submitted a short string of exemplars from the danieljkasaris@yahoo.com account (Complaint at 5; Supplemental Pleading I at 3-5; Supplemental Pleading II at 7-8). However, Viola does not point to any action, decision, or other activity recorded in these emails that documents the official duties or activities of Kasaris as an assistant prosecuting attorney, and none is independently apparent to the special master. The exemplars appear to be entirely personal in nature. Viola has also filed what appear to be some of the emails from Kasaris' office account that were provided to Viola by the Prosecutor's Office. (Supplemental Pleading II at 9-87). None are probative of whether additional office records exist in Kasaris' personal email account. Viola points to no gaps in these criminal case file communications that would imply the existence of missing correspondence. Finally, Viola has filed additional documents and affidavits that are either duplicates of previous filings, irrelevant, or gratuitously salacious. (Reply at 8-36.)

### Request to Compel Office Search of a Personal Email Account

{¶11} Viola argues that the Prosecutor's Office must conduct its own search of Kasaris' personal email account based on Viola's belief that responsive records may exist there. Viola cites no statutory or case law requiring a public office to conduct such a search under these circumstances, or indeed any requirement that individual employees must always review their personal accounts in response to a public records request. *See Gupta v. Cleveland*, Ct. of Cl. No. 2017-00840PQ, 2018-Ohio-3475, ¶ 19. The special master takes notice that the response to a public records request for an individual official's correspondence may often rely appropriately, even necessarily, on identification and retrieval of responsive records by the official himself.

{¶12} To be sure, a public office has a duty to retrieve its public records from wherever they are kept, including electronic records stored only in an employee's

personal device. *See Sinclair Media III v. Cincinnati*, Ct. of Cl. No. 2018-1357PQ, 2019-Ohio-2624, ¶ 5-12 and cases cited therein. Moreover, if a requester provides *prima facie* evidence that an office has improperly deleted emails that are public records, the office may be ordered to recover those records by reasonable means. *State ex rel. Toledo Blade Co. v. Seneca Cty. Bd. of Commrs.,* 120 Ohio St.3d 372, 2008-Ohio-6253, 899 N.E.2d 961, ¶ 26-41. However, in the absence of any evidence to the contrary the Prosecutor's Office may be presumed to have performed its duties, including public records identification and retrieval, regularly and in a lawful manner. *State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port Auth., 121 Ohio St.3d 537, 2009-Ohio-1767, 905 N.E.2d 1221,* ¶ 29. While an office has no duty under R.C. 149.43 to detail for a requester the steps actually taken to identify and retrieve requested records, *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office,* 133 Ohio St.3d 139, 2012-Ohio-4246, 976 N.E.2d 877, ¶ 26, the Prosecutor's Office has explained that it searched its office server for responsive emails, and obtained relevant testimony from a former employee regarding his personal account. Viola has not produced persuasive evidence that this process was irregular or unlawful.

{¶13} On the facts and evidence before the court, the special master finds that Viola has not shown that the manner in which the Prosecutor's Office processed his requests violated R.C. 149.43(B). Further, none of the materials submitted by Viola persuade the special master that an *in camera* inspection of the email in Kasaris' personal account is required. Weighing the evidence submitted, the special master finds that Viola has not met his burden to prove by clear and convincing evidence that any additional records of the Prosecutor's Office exist in Kasaris' personal email account.

**Conclusion**

{¶14} Based on the pleadings, affidavits, and documents submitted in this action, the special master recommends the court find that requester has not shown that

respondent violated R.C. 149.43(B). It is recommended that costs be assessed to requester.

{¶15} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

JEFF CLARK
Special Master

**Filed January 7, 2021**
**Sent to S.C. Reporter 2/12/21**