[Cite as *State ex rel. Laborers Internatl. Union of N. Am., Local Union No. 500 v. Summerville,* 122 Ohio St.3d 1234, 2009-Ohio-4090.]

THE STATE EX REL. LABORERS INTERNATIONAL UNION OF NORTH AMERICA, LOCAL UNION NO. 500 *v.* SUMMERVILLE.

[Cite as *State ex rel. Laborers Internatl. Union of N. Am., Local Union No. 500 v. Summerville,* 122 Ohio St.3d 1234, 2009-Ohio-4090.]

*Request for attorney fees denied.*

(No. 2008-2139 — Submitted July 14, 2009 — Decided August 20, 2009.)

IN MANDAMUS.

_____

{¶ 1}   This cause was filed as an original action for a writ of mandamus. We previously dismissed relator's mandamus claim based on mootness, 121 Ohio St.3d 1447, 2009-Ohio-1820, 904 N.E.2d 898, but issued a schedule for the presentation of evidence and briefs on relator's request for attorney fees.   Id. Upon consideration of the parties' filings, we find as follows.

{¶ 2}   Relator is not entitled to a mandatory award of attorney fees under R.C. 149.43(C)(2)(b), which provides:

{¶ 3}   "The court shall award reasonable attorney's fees * * * when * * * the following applies:

{¶ 4}   "(i) The public office or the person responsible for the public records failed to respond affirmatively or negatively to the public records request in accordance with the time allowed under division (B) of this section."

{¶ 5}   Notwithstanding relator's claim, however, Summerville did respond (albeit negatively) to relator's records request less than 2 hours after it was made on October 22, 2008.  Summerville noted that she had possession of the investigative file but would not provide it before she completed her investigation and that any records request should be forwarded to the department's Columbus

office.  In fact, relator itself characterized Summerville's response as a "refusal" in its follow-up letter dated later that same day.

**{¶ 6}** Nor did relator's follow-up letter constitute a separate records request for purposes of R.C. 149.43.  It was merely a reiteration of its first request for the same records and did not require an additional response.  If we were to hold otherwise, persons with questionable motives could inundate public officials with myriad identical records requests, and the public officials would be forced to respond to each one even though the requests essentially asked for the same records.  The General Assembly could not have intended such an absurd result when it amended R.C. 149.43.  See *State ex rel. Toledo Blade Co. v. Seneca Cty. Bd. of Commrs.*, 120 Ohio St.3d 372, 2008-Ohio-6253, 899 N.E.2d 961, ¶ 31 (court construes R.C. 149.43 to avoid unreasonable or absurd results).

**{¶ 7}** Therefore, relator is not entitled to a mandatory award of attorney fees under R.C. 149.43(C)(2)(b)(i).

**{¶ 8}** Relator is also not entitled to a discretionary award of attorney fees because relator has not established a sufficient public benefit.  The release of the requested records to relator primarily benefits relator itself rather than the public in general, i.e., it helps relator to support its potential appeal of the director's determination that a prevailing-wage violation had not occurred.  See *State ex rel. Morgan v. New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶ 58; *State ex rel. Cranford v. Cleveland*, 103 Ohio St.3d 196, 2004-Ohio-4884, 814 N.E.2d 1218, ¶ 26.  In so holding, however, we reject respondent's contention that the 2007 amendment to R.C. 149.43 precludes attorney-fee awards in public-records mandamus cases that have been rendered moot by the post-filing disclosure of the requested records.  See *State ex rel. Pennington v. Gundler* (1996), 75 Ohio St.3d 171, 661 N.E.2d 1049, syllabus.

**{¶ 9}** Therefore, we deny relator's request for attorney fees.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and CUPP, JJ., concur.

LANZINGER, J., dissents.

_____

Cosme, D'Angelo & Szollosi Co., L.P.A., and Joseph M. D'Angelo, for relator.

Richard Cordray, Attorney General, and Stephen M. Darling, Assistant Attorney General, for respondent.

_____