Kennedy, J.,
concurring in part and dissenting in part.
{¶ 37} Although I agree with the majority that Emilie DiFranco was entitled to an award of statutory damages, I disagree with the majority’s analysis of the attorney-fee issue.
{¶ 38} R.C. 149.43(C)(2)(b) specifies two types of attorney fees in public-records mandamus cases. Under the statute, fees may be either discretionary or mandatory:
(b) If the court renders a judgment that orders the public office or the person responsible for the public record to comply with division (B) of this section, the court may award reasonable attorney’s fees subject to reduction as described in division (C)(2)(c) of this section. The court shall award reasonable attorney’s fees, subject to reduction as described in division (C)(2)(c) of this section when either of the following applies:
(i) The public office or the person responsible for the public records failed to respond affirmatively or negatively to the public records request in accordance with the time allowed under division (B) of this section.
(ii) The public office or the person responsible for the public records promised to permit the relator to inspect or receive copies of the public records requested within a specified period of time but failed to fulfill that promise within that specified period of time.
(Emphasis added.) R.C. 149.43(C)(2)(b).
{¶ 39} The first sentence covers discretionary fees, which are to be awarded “[i]f the court renders a judgment that orders” production of records. Mandatory fees are covered in the second sentence and are awarded if one of two conditions exists. See State ex rel. Doe v. Smith, 123 Ohio St.3d 44, 2009-Ohio-4149, 914 N.E.2d 159, ¶ 23-32.
{¶ 40} The majority concludes that the “if’ clause in the first sentence of R.C. 149.43(C)(2)(b) imposes a condition on the award of both discretionary and mandatory attorney fees. I respectfully disagree.
*377 {¶ 41} First, the two types of fees, discretionary and mandatory, are described in two separate sentences. This indicates that they are to be interpreted separately; discretionary fees are to be considered when the court has had to order a party to produce records, but mandatory fees are to be imposed on the satisfaction of one of the two conditions in (C)(2)(b)(i) or (ii), regardless of whether the court has had to order production.[4] If the General Assembly had meant the “if’ clause to apply to mandatory fees, it would have used one sentence to describe both types of fees, or it would have found other means to express a conjunctive approach to the two types of fees. Instead, the legislature chose language implying a disjunction between the condition justifying a discretionary fee award on one hand — i.e., the rendition of a judgment ordering compliance with the public-records law — and on the other hand the two conditions that trigger a mandatory award of fees.
{¶ 42} Second, the majority’s construction defeats the evident purpose of adding the mandatory-fee provision to the statute: ensuring an award of fees when the records custodian has unreasonably delayed the production of records. If no fees could be awarded unless the court had ordered a party to produce records, it would allow a public office to sit on a public-records request until a mandamus case was filed and then turn over the records before the court had a chance to issue an order. It would thereby prevent a requester from obtaining records within a reasonable time, while the public office would escape liability for attorney fees altogether, even though it would probably have violated division (C)(2)(b)(i) by failing to respond affirmatively or negatively to the request within a reasonable time.
{¶ 43} For these reasons, I would hold that mandatory fees are to be imposed if the public office’s conduct falls within R.C. 149.43(C)(2)(b)(i) or (ii), whether or not the court has ordered the production of the records. Under that holding, DiFranco would be entitled to a mandatory award of fees in this case, subject to reduction pursuant to the consideration of factors set forth at R.C. 149.43(C)(2)(c).
{¶ 44} In sum, I agree with the majority’s disposition of the statutory-damages issue but disagree with the majority’s decision that DiFranco was not entitled to attorney fees. I therefore concur in part and dissent in part.
*378 The Law Firm of Curt C. Hartman and Curt C. Hartman; and Finney, Stagnaro, Saba & Patterson Co., L.L.P., and Christopher P. Finney, for appellant.
Michael P. Lograsso, South Euclid, Law Director, for appellees.

. But see State ex rel. Laborers Internatl. Union of N. Am., Local Union No. 500 v. Summerville, 122 Ohio St.3d 1234, 2009-Ohio-4090, 913 N.E.2d 452, ¶ 8 (stating in dicta that the 2007 amendments do not preclude an award of discretionary fees when the mandamus claim has been rendered moot by production of the requested records).