[Cite as *State ex rel. Miller v. Ohio Dept. of Edn.*, 2016-Ohio-8534.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Mark Miller, | : | |
| Relator, | : | |
| v. | : | No. 15AP-1168 |
| Ohio Department of Education, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

---

D E C I S I O N

Rendered on December 30, 2016

---

**On brief:** *Finney Law Firm LLC, Christopher P. Finney,* and *Brian C. Shrive,* and *The Law Firm of Curt C. Hartman,* and *Curt C. Hartman,* for relator.

**On brief:** *Michael DeWine,* Attorney General, *Brodi J. Conover,* and *Todd R. Marti,* for respondent.

---

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

KLATT, J.

{¶ 1} Relator, Mark Miller, commenced this original action in mandamus seeking an order compelling respondent, Ohio Department of Education, to produce the public records relator requested by letter dated November 6, 2015 pursuant to the Public Records Act, R.C. 149.43. Relator also requested that this court award him statutory damages, attorney fees, and court costs.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate. Subsequent to our referral, respondent filed a motion to dismiss supported by an affidavit. Respondent asserted that after relator

filed this mandamus action, respondent produced to relator the documents relator requested.  Therefore, respondent argued that this mandamus action is moot.

{¶ 3}   The magistrate converted respondent's motion to dismiss into a motion for summary judgment and allowed relator an opportunity to respond.  Relator filed a memorandum with supporting affidavit opposing respondent's motion for summary judgment.  Relator conceded that respondent produced the documents responsive to his request, thereby rendering his mandamus action moot.  However, relator argued that he was entitled to statutory damages, attorney fees, and court costs.  Accordingly, relator also filed a cross-motion for partial summary judgment, in which he sought statutory damages in the amount of $500 and attorney fees.  Following further briefing by both parties, the magistrate issued a decision, including findings of fact and conclusions of law, which is appended hereto.

{¶ 4}   The magistrate found that relator was not entitled to an award of attorney fees based on the holding in *State ex rel. DiFranco v. S. Euclid*, 138 Ohio St.3d 367, 2014-Ohio-538.  The magistrate further held that relator was entitled to statutory damages in the amount of $300.  The magistrate's decision did not address the issue of court costs, other than to note that relator did not seek court costs as part of his motion for partial summary judgment.  Therefore, the magistrate has recommended that we grant in part and deny in part respondent's motion for summary judgment, and that we grant in part and deny in part relator's partial motion for summary judgment.

{¶ 5}   Relator and respondent have filed objections to the magistrate's decision. We first address respondent's objection.

{¶ 6}   In its sole objection, respondent contends that the magistrate erred by awarding relator statutory damages.  Respondent argues that it complied with the requirements of the Public Records Act by producing the requested public records within a reasonable time.  Therefore, respondent argues that the magistrate erred when he awarded relator statutory damages.  We disagree.

{¶ 7}   It is undisputed that it took respondent 61 days to produce the documents responsive to relator's pubic records request.  Respondent did not produce the requested public records until after relator filed this mandamus action.  R.C. 149.43(B)(1) states that all public records responsive to a public records request shall be promptly prepared and

made available for inspection.  In determining whether a public office has complied with R.C. 149.43(B)(1) 's requirement that the requested public records be promptly prepared, we apply a reasonableness test.  *State ex rel. Wadd v. Cleveland*, 81 Ohio St.3d 50, 53 (1998).  That determination depends largely on the particular facts of each case.

{¶ 8}   Here, the limited number of documents sought by relator in his public records request were clearly identified and should not have been difficult to locate, review, and produce.  Nevertheless, it is undisputed that it took respondent 61 days to produce the documents responsive to relator's request.  Moreover, the production did not occur until after relator filed this mandamus action.  Although respondent argues that relator's records request was "processed" shortly after it was received, the only specific justification for the 61-day delay in producing the documents was the occurrence of three federal holidays (Thanksgiving, Christmas Day, and New Years Day).  No other justification was alleged, although respondent does argue that time was needed to conduct a legal review of the responsive records.  Given the limited number of responsive records, we agree with the magistrate that respondent failed to provide a factual justification for the 61-day delay in producing the requested documents.  For these reasons, we overrule respondent's objection.

{¶ 9}   Relator has also filed objections to the magistrate's decision.  In his first objection, relator contends the magistrate erred by awarding relator only $300 in statutory damages.  We agree.

{¶ 10} R.C. 149.43(C)(2) provides for the calculation of statutory damages as follows:

> The amount of statutory damages shall be fixed at one hundred dollars for each business day during which the public office or person responsible for the requested public records failed to comply with an obligation in accordance with division (B) of this section, beginning with the day on which the requester files a mandamus action to recover statutory damages, up to a maximum of one thousand dollars.

{¶ 11} Here, it is undisputed that relator filed his mandamus action on Wednesday, December 30, 2015, and that respondent produced the records on Wednesday, January 6, 2016.  The $100 per business day calculation of statutory damages begins with the day on which the requester files a mandamus action to recover

damages, up to a maximum of $1,000.  Thus, the magistrate should have counted days beginning with December 30, 2015.  Counting business days beginning with Wednesday, December 30, 2015 and ending Tuesday, January 4, 2016, results in the number 4.

{¶ 12}  Relator argues that the magistrate should have counted the day that respondent produced the documents (Wednesday, January 6, 2016, or at least a fractional portion thereof), in making his calculation.  We disagree.  Counting the day that the documents were produced is not consistent with the language of R.C. 149.43(C)(1).

{¶ 13}  Because the magistrate should have awarded statutory damages based on 4 business days, thereby resulting in a statutory damage award of $400, we sustain in part relator's first objection, but overrule the remaining aspects of this objection.

{¶ 14}  In his second objection, relator contends the magistrate erred by failing to award attorney fees.  We disagree.

{¶ 15}  As noted by the magistrate, attorney fees cannot be awarded when a mandamus complaint is disposed of on grounds of mootness, because there is no "judgment that orders the public office or the person responsible for the pubic record to comply with division (B)" of the act.  R.C. 149.43(C)(2)(c); *DiFranco* (attorney fees award not permitted when all responsive documents are produced before any court order is issued).  We recognize that relator has cited several cases from the Supreme Court of Ohio that contain language suggesting that attorney fees can still be awarded even though mandamus relief is denied based on mootness.  However, none of these cases address the statutory language that the *DiFranco* court found dispositive.  In addition, *DiFranco* involved very similar facts to those presented in the case at bar and *DiFranco* directly addresses whether attorney fees can be awarded under these circumstances.  For these reasons, we are compelled to follow *DiFranco* and overrule relator's second objection.

{¶ 16}  In its third objection, relator contends the magistrate erred when he failed to award relator court costs.  Again, we disagree.

{¶ 17}  R.C. 149.43(C)(2) authorizes an award of court costs if the court issues a writ of mandamus.  Here, because the public records have been produced, the parties concede that the request for a writ of mandamus is moot.  Therefore, no writ of mandamus has been granted and court costs are not authorized.

{¶ 18} Relator's reliance on the prevailing party rule in Civ.R. 53(D) to support an award of court costs is misplaced. Because there is an express statutory provision authorizing court costs in R.C. 149.43(C)(2), the prevailing party rule set forth in Civ.R. 54(D) does not apply. ("Except when express provision therefor is made * * * in a statute * * * costs shall be allowed to the prevailing party.") For these reasons, we overrule relator's third objection.

{¶ 19} Following an independent review of this matter, we find that the magistrate has properly determined the facts and applied the appropriate law, except for his miscalculation of the number of days to apply in determining statutory damages. For the reasons noted above, we modify the statutory damage award to $400. With this modification, we accept the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we grant in part and deny in part respondent's converted motion for summary judgment, and grant in part and deny in part relator's cross-motion for partial summary judgment.

*Objections sustained in part and overruled in part;*
*respondent's motion for summary judgment*
*granted in part and denied in part;*
*relator's motion for summary judgment granted*
*in part and denied in part.*

BROWN and SADLER, JJ., concur.

## <u>APPENDIX</u>

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Mark Miller, | : | |
| Relator, | : | |
| v. | : | No. 15AP-1168 |
| Ohio Department of Education, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

### MAGISTRATE'S DECISION

#### Rendered on June 30, 2016

*Finney Law Firm LLC, Christopher P. Finney,* and *Brian C. Shrive,* and *The Law Firm of Curt C. Hartman,* and *Curt C. Hartman,* for relator.

*Michael DeWine,* Attorney General, *Brodi J. Conover,* and *Todd R. Marti,* for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT
ON RELATOR'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT

{¶ 20} In this original action, relator, Mark Miller, requests a writ of mandamus ordering respondent, Ohio Department of Education, to produce the public records relator requested by letter dated November 6, 2015, pursuant to the Public Records Act, R.C. 149.43. Also, relator requests that this court award statutory damages, attorney's fees, and court costs.

<u>Findings of Fact</u>:

{¶ 21} 1. On December 30, 2015, relator filed this R.C. 149.43 mandamus action against respondent. In his complaint, relator alleges that, on November 6, 2015, by

certified mail, he sent to respondent a letter requesting the following public records as described in the letter:

> [One] A copy of the notice of the March 2008 meeting of the State Board of Education;
>
> [Two] A copy of the notice of the February 2008 meeting of the State Board of Education;
>
> [Three] A copy of the filing of all rules adopted at the March 2008 or February 2008 meeting of the State Board of Education, including the rule number of each such rule;
>
> [Four] Any notice received by the Ohio Department of Education from the director of the legislative service commission or the director's designee giving the Ohio Department of Education notice that any ruled [sic] adopted at the February 2008 or March 2008 meeting was not in compliance with the rules of the legislative service commission.

{¶ 22} 2. According to the complaint, respondent received the letter on November 10, 2015 as indicated by the return-receipt of the United States Postal Service.

{¶ 23} 3. According to the complaint, as of its filing, respondent had not produced the public records as requested.

{¶ 24} 4. According to the complaint, as of its filing, respondent had not offered an explanation as to why the requested records had not been produced.

{¶ 25} 5. On February 2, 2016, respondent filed a motion to dismiss. In support, respondent submitted the affidavit of Immy Singh, executed February 1, 2016. The Singh affidavit avers:

> [Two] I currently serve as Assistant Legal Counsel in the Office of Legal Counsel for the Ohio Department of Education.
>
> [Three] As part of my duties as Assistant Legal Counsel, I am part of the team that processes public records requests for the Department of Education.
>
> [Four] I processed the November 6, 2015 public records request sent to the Department of Education by Brian Shrive, of Finney Law Firm, LLC, on behalf of Mark Miller by

gathering the responsive records and conducting legal review of the responsive records.

[Five] The November 6, 2015 public records request submitted by Mr. Shrive on behalf of Mr. Miller requested:

a. A copy of the notice of the March 2008 meeting of the State Board of Education;

b. A copy of the notice of the February 2008 meeting of the State Board of Education;

c. A copy of the filing of all rules adopted at the March 2008 or February 2008 meeting of the State Board of Education; including the rule number of each rule; and,

d. Any notice received by the Ohio Department of Education from the director of the legislative service commission or the director's designee giving the Ohio Department of Education notice that any ruled [sic] adopted at the February 2008 or March 2008 meeting was not in compliance with the rules of the legislative service commission.

* * *

[Six] On November 6, 2015—the same day that the Department of Education received the public records request—my administrative assistant, Cher Bump, sent an acknowledgment e-mail to Mr. Shrive indicating that the Department of Education had received the public records request, that it would locate any responsive records, and that it would provide those records in a reasonable period of time. * * *

[Seven] Mr. Shrive, Mr. Christopher Finney, and Mr. Curt Hartman, on behalf of Mr. Miller, filed a complaint in mandamus against the Department of Education on December 30, 2015.

[Eight] On January 6, 2016, I sent all responsive records to Mr. Shrive to fulfill the November 6, 2015 public records request. This included the records sought in the first three parts of the public records request. The Department of Education did not have any records responsive to the fourth part of the public records request. * * *

[Nine] There are no other records responsive to Relator's November 6, 2015 public records request.

{¶ 26} 6. On February 6, 2016, the magistrate converted respondent's motion to dismiss to one for summary judgment. The magistrate also issued notice that the motion for summary judgment is set for submission to the magistrate on February 26, 2016.

{¶ 27} 7. On February 24, 2016, relator filed a memorandum opposing respondent's motion for summary judgment. In support, relator submitted the affidavit of Brian C. Shrive, executed February 24, 2016. The Shrive affidavit avers:

[One] I am one of the attorneys for the Relator in this matter, Mark Miller.

[Two] I am over the age of eighteen and have personal knowledge of the matters set forth herein.

[Three] Attached hereto as Exhibit A is a public records request I sent to P.R. Casey and Immy Singh, the then Chief Legal Counsel and Assistant Legal Counsel for the Ohio Department of Education on November 6, 2015 (the "Request").

[Four] The Request was sent via certified mail, and a signed receipt by the Ohio Department of Education was subsequently returned.

[Five] Records responsive to the Request were not produced until January 6, 2016.

{¶ 28} 8. Also on February 24, 2016, relator filed a cross-motion for partial summary judgment. Relator moved for a statutory damages award of $500 and recovery of attorney's fees. Relator did not seek summary judgment for court costs. Relator did not move for a writ ordering respondent to produce the requested records presumably because the requested public records had been produced.

{¶ 29} 9. On March 2, 2016, respondent filed a reply in support of its motion for summary judgment. Respondent also responded to relator's cross-motion for summary judgment.

{¶ 30} 10. On March 9, 2016, relator filed a reply in support of his motion for partial summary judgment.

Conclusions of Law:

## The Requested Writ of Mandamus

{¶ 31} A request for a writ of mandamus for production of public records under R.C. 149.43 is rendered moot when the public records are produced during the pendency of the mandamus action. *State ex rel. Cincinnati Enquirer v. Ronan,* 124 Ohio St.3d 17, 18, 2009-Ohio-5947 ("Ronan I"), citing *State ex rel. Toledo Blade Co. v. Seneca Cty. Bd. of Commrs.,* 120 Ohio St.3d 373, 2008-Ohio-6258.

{¶ 32} Here, relator concedes that his request for the writ was rendered moot by respondent's production of all the requested records that were available for production after the filing of this mandamus action. However, relator seeks an award of statutory damages and attorney's fees notwithstanding that the request for a writ is now moot.

## Attorney's Fees

{¶ 33} Effective September 29, 2007, R.C. 149.43(C) was amended to add paragraphs (2)(a) and (b). Effective September 29, 2007 and currently, R.C. 149.43(C)(2) provides:

> (a) If the court issues a writ of mandamus that orders the public office or the person responsible for the public record to comply with division (B) of this section and determines that the circumstances described in division (C)(1) of this section exist, the court shall determine and award to the relator all court costs.
>
> (b) If the court renders a judgment that orders the public office or the person responsible for the public record to comply with division (B) of this section, the court may award reasonable attorney's fees subject to reduction as described in division (C)(2)(c) of this section. The court shall award reasonable attorney's fees, subject to reduction as described in division (C)(2)(c) of this section when either of the following applies.

{¶ 34} In *State ex rel. DiFranco v. City of S. Euclid,* 138 Ohio St.3d 367, 2014-Ohio-538, the Supreme Court of Ohio had occasion to interpret R.C. 149.43(C)(2)(b):

> After the 2007 amendments, R.C. 149.43(C)(2)(b) begins by stating: "If the court renders a judgment that orders the public office or the person responsible for the public record to comply with division (B) of this section, the court *may* award reasonable attorney fees * * *." (Emphasis added.) The

very next sentence sets forth the criteria under which the court "*shall* award reasonable attorney fees." (Emphasis added.) DiFranco claims entitlement to attorney fees under the second sentence, but she can qualify to receive an award of fees only if her case satisfies the condition set forth at the beginning of R.C. 149.43(C)(2)(b): that the court have issued a judgment that compels compliance with the public-records law.

The parties do not argue this point, but it is nonetheless dispositive of the attorney-fees claim. Although it might be contended that the "if" clause applies only to the first sentence, we think the correct reading requires us to apply the initial condition to both sentences, given that the General Assembly chose to put both sentences in the same statutory compartment. Accordingly, we hold that neither discretionary nor mandatory attorney fees may be awarded under R.C. 149.43(C)(2)(b) unless the court has issued a judgment that orders compliance with the public-records law.

In the present case, there is no such judgment. Indeed, the final judgment of the court of appeals disposed of the writ complaint on grounds of mootness, given that the documents had already been tendered to the relator.

*Id.* at 374-75.

{¶ 35} Based on *DiFranco,* relator is clearly not entitled to an award of attorney's fees. Relator concedes this as so. However, relator disagrees with the holding of *DiFranco* based upon four earlier cases that he cites. Those cases are *Ronan I, State ex rel. Cincinnati Enquirer v. Heath,* 121 Ohio St.3d 165, 2009-Ohio-590; *State ex rel. Laborers Internatl. Union, Loc. Union No. 500 v. Summerville,* 122 Ohio St.3d 1234, 2009-Ohio-4090; *State ex rel. Hardin v. Aey,* 123 Ohio St.3d 1469, 2009-Ohio-5704; *State ex rel. Cincinnati Enquirer v. Ronan,* 127 Ohio St.3d 236, 2010-Ohio-5680 ("*Ronan II*").

{¶ 36} All the cases relator cites, i.e., *Ronan I, Heath, Summerville, Hardin,* and *Ronan II,* predate *DiFranco.*

In *Summerville,* the Supreme Court of Ohio states:

In so holding, however, we reject respondent's contention that the 2007 amendment to R.C. 149.43 precludes attorney-

> fee awards in public-records mandamus cases that have been rendered moot by the post-filing disclosure of the requested records.

*Summerville* at 1235.

{¶ 37} It can be noted that the above-quoted language of *Summerville* was treated as dicta in the concurring and dissenting opinion of Justice Kennedy in *DiFranco.* In any event, it is clear that the Supreme Court of Ohio's decision in *DiFranco* is the law on the issue that the court directly decided regarding the interpretation to be given to R.C. 149.43(C)(2)(b).

{¶ 38} Accordingly, relator is not entitled to an award of attorney's fees.

### Statutory Damages

{¶ 39} R.C. 149.43(B)(1) provides:

> Upon request * * *, all public records responsive to the request shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours. * * * upon request, a public office or person responsible for public records shall make copies of the requested public record available at cost and within a reasonable period of time.

{¶ 40} R.C. 149.43(C)(1) provides:

> If a person allegedly is aggrieved by the failure of a public office or the person responsible for public records to promptly prepare a public record and to make it available to the person for inspection in accordance with division (B) of this section or by any other failure of a public office or the person responsible for public records to comply with an obligation in accordance with division (B) of this section, the person allegedly aggrieved may commence a mandamus action to obtain a judgment that orders the public office or the person responsible for the public record to comply with division (B) of this section, that awards court costs and reasonable attorney's fees to the person that instituted the mandamus action, and, if applicable, that includes an order fixing statutory damages under division (C)(1) of this section.

{¶ 41} The word "promptly" is not defined in R.C. 149.43 or any other applicable statute. Therefore, it must be accorded its usual, normal, or customary meaning. *State ex rel. Wadd v. City of Cleveland,* 81 Ohio St.3d 50, 53 (1998).

{¶ 42} In determining whether a public office has complied with R.C. 149.43(B)(1) 's requirement that responsive public records shall be *promptly* prepared, the courts use a reasonableness test. *Id.* The determination depends largely on the facts of each case. *Id.*

{¶ 43} Here, it is undisputed that respondent received relator's request for public records on November 6, 2015 and that the records were not produced until January 6, 2016. As relator points out, the public records were produced 61 days after the request was received and seven days after this mandamus action was filed.

{¶ 44} No explanation for the 61-day delay has been given by respondent by way of affidavit. In her affidavit, Ms. Singh avers only that she "processed" the public records request on November 6, 2015, which is the date that the request was received by respondent. The affidavit of Brian Shrive undisputedly avers that the records were produced on January 6, 2016. Again, respondent offers no explanation for the delay by way of an affidavit.

{¶ 45} However, in its reply in support of its converted motion for summary judgment, respondent's counsel offers the following explanation for the delay:

> The Ohio Department of Education received Relator's public records request on November 6, 2015. The Department of Education responded to Relator *the same day* they had received the request and would begin processing the public records request as it would any other request the Department received. It should also be noted that three federal holidays (Thanksgiving, Christmas Day, and New Years' Day) all shortly followed Relator's public records request. On January 6, 2016, the Department of Education fulfilled its obligation under the Public Records Act by producing all responsive records to Relator.

(Emphasis sic.) (Mar. 2, 2016 Respondent's Reply at 11-12.)

{¶ 46} As relator appropriately points out here, his public records request did not seek a voluminous number of records. Respondent does not dispute relator's characterization of his public records request.

{¶ 47} Given the above scenario, this magistrate is not persuaded that the three federal holidays that fell within the 61-day period of delay can justify the delay in the absence of additional information that respondent has failed to submit.

{¶ 48} In the magistrate's view, respondent has failed to offer a factual justification for the delay and, thus, this court should grant a statutory damages award.

{¶ 49} R.C. 149.43(C)(1) provides:

> If a requestor transmits a written request by hand delivery or certified mail to inspect or receive copies of any public record in a manner that fairly describes the public record or class of public records to the public office or person responsible for the requested public records, except as otherwise provided in this section, the requestor shall be entitled to recover the amount of statutory damages set forth in this division if a court determines that the public office or the person responsible for public records failed to comply with an obligation in accordance with division (B) of this section.
>
> The amount of statutory damages shall be fixed at one hundred dollars for each business day during which the public office or person responsible for the requested public records failed to comply with an obligation in accordance with division (B) of this section, beginning with the day on which the requester files a mandamus action to recover statutory damages, up to a maximum of one thousand dollars.

{¶ 50} Given that this mandamus action was filed on Wednesday, December 30, 2015, and the records were produced on Wednesday, January 6, 2016, three business days fell between the date of filing this action and the date the records were produced. That is, an award of statutory damages is appropriate for the business days of Thursday, December 31, 2015, Monday, January 4, 2016, and Tuesday, January 5, 2016. Thus, the magistrate recommends to the court that an award of statutory damages in the amount of $300 be entered against respondent.

{¶ 51} The magistrate notes that, in his memorandum in opposition to respondent's motion for summary judgment, relator contends that he is entitled to a statutory damages award of $500. That is, relator claims 5 business days at $100 per day. However, Friday, January 1, 2016, Saturday, January 2, 2016, and Sunday, January 3, 2016 were not business days. Also, it is inappropriate to claim January 6, 2016, the date the records were produced, as a business day for which a statutory award can be based.

{¶ 52} Thus, it is the magistrate's decision that this court enter judgment in this action that awards to relator an R.C. 149.43 statutory damages award in the amount of $300.

{¶ 53} Accordingly, it is the magistrate's decision that this court grant in part and deny in part respondent's converted motion for summary judgment.

{¶ 54} It is further the magistrate's decision that this court grant in part and deny in part relator's cross-motion for partial summary judgment.

/S/ MAGISTRATE
KENNETH W. MACKE

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).