**[Cite as *Bello v. Ohio Dept. of Rehab. & Corr.*, 2020-Ohio-4559.]**

| | |
|---|---|
| GERARD BELLO, II | Case No. 2020-00129PQ |
| Requester | Special Master Jeff Clark |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION | |
| Respondent | |

{¶1} Ohio's Public Records Act, R.C. 149.43, provides a remedy for production of records under R.C. 2743.75 if the Court of Claims determines that a public office has denied access to public records in violation of R.C. 149.43(B). The policy underlying the Act is that "open government serves the public interest and our democratic system." *State ex rel. Dann v. Taft,* 109 Ohio St.3d 364, 2006-Ohio-1825, 848 N.E.2d 472, ¶ 20.

{¶2} On January 9, 2020, Gerard Bello, II, Editor in Chief of the Mockingbird Paper, filed two identical public records requests with two different entities within the Ohio Department of Rehabilitation and Correction (ODRC). (Complaint, Exh. A and B). The requests sought the same disposition forms of Serious Misconduct Panels (SMPs) convened in the Toledo Correctional Institution (TOCI) between January 1, 2019 and January 8, 2020, and the audio recordings of those proceedings. (*Id.*) On February 13, 2020, the Warden's Assistant at TOCI provided Bello with 144 pages of lightly redacted SMP dispositions, but denied the request for the audio recordings as inmate records exempt from disclosure under R.C. 5120.21(F). (*Id.*, Exh. F and G.)

{¶3} On February 21, 2020, Bello filed a complaint under R.C. 2743.75 alleging denial of access to public records in violation of R.C. 149.43(B). On April 27, 2020, the court was notified that mediation had failed to successfully resolve all disputed issues between the parties. On May 7, 2020, ODRC filed a motion to dismiss the complaint (Response). On May 18, 2020, ODRC filed a supplemental attachment to its response,

and Bello filed an unsolicited memorandum contra respondent's motion to dismiss (Reply), both of which were marked received, but not filed. Pursuant to R.C. 2743.75(E)(2) both submissions are accepted as filed. On July 22, 2020, ODRC filed a sur-reply with an attached affidavit.

**Burdens of Proof**

{¶4} The Public Records Act (PRA or Act) is construed liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records. *State ex rel. Cordell v. Paden*, 156 Ohio St.3d 394, 2019-Ohio-1216, 128 N.E.3d 179, ¶ 7. In mandamus, "[a]lthough the PRA is accorded liberal construction in favor of access to public records, 'the relator must still establish entitlement to the requested extraordinary relief by clear and convincing evidence.'" *State ex rel. Caster v. Columbus*, 151 Ohio St.3d 425, 2016-Ohio-8394, 89 N.E.3d 598, ¶ 15. In an enforcement action under R.C. 2743.75, a requester must likewise establish public records violations by clear and convincing evidence. *Hurt v. Liberty Twp.*, 2017-Ohio-7820, 97 N.E.3d 1153, ¶ 27-30 (5th Dist.).

{¶5} If a public office asserts an exception to the PRA, the burden of proving the exception rests on the public office. *State ex rel. Cincinnati Enquirer v. Pike Cty. Coroner's Office*, 153 Ohio St.3d 63, 2017-Ohio-8988, 101 N.E.3d 396, ¶ 15. Exceptions to disclosure under the Act must be strictly construed against the public records custodian, and the custodian bears the burden to establish applicability of an exception. *State ex rel. Rogers v. Dept. of Rehab. & Corr.*, 155 Ohio St.3d 545, 2018-Ohio-5111, 122 N.E.3d 1208, ¶ 7. To meet this burden, the custodian must prove that the requested records fall squarely within the exception. *Id.*

**Motion to Dismiss**

{¶6} In construing a motion to dismiss pursuant to Civ.R. 12(B)(6), the court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d

190, 192, 532 N.E.2d 753 (1988). Then, before the court may dismiss the complaint, it must appear beyond doubt that plaintiff can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975).

{¶7} ODRC moves to dismiss the complaint on the grounds that it has provided Bello with fully legible copies of the requested SMP disposition sheets prior to determination of the claim by this court, and that the remaining request for audio recordings of proceedings before the serious misconduct panels is for inmate records that are exempt from release under R.C. 5120.21(F). On review, I find that the facts required to support the allegation of mootness and application of the exemption are not conclusively shown on the face of the complaint and attachments. Moreover, as the matter is now fully briefed I find that the arguments to dismiss are subsumed in the arguments to deny the claim on the merits. I therefore recommend that that the motion to dismiss be denied, and the matter determined on the merits.

### Suggestion of Mootness

{¶8} In an action to enforce R.C. 149.43(B), a public office may produce the requested records prior to the court's decision and thereby render the claim for production moot. *State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, ¶ 18-22. ODRC provided Bello with copies of the requested SMP disposition sheets prior to the filing of the complaint (Complaint, Exh. F and G), and supplemented that production with a set of properly aligned copies during mediation. (*Id.*, Exh. I; Response at 2-3; Reply at 3.) Bello does not dispute that all SMP disposition forms within the requested date range have been provided to him, and does not dispute the redactions made in those records. However, Bello expressly requested that, in addition to the forms sent by TOCI, he sought a separate production of the same forms from ODRC's central office. (Complaint, Exh. E.) Bello reminded ODRC on February 14,

2020 that he had requested the same set of records from both TOCI and ODRC central office: "Both offices have copies and I requested both copies." (*Id.*, Exh. J.)

{¶9} A requester is not entitled to multiple responses from the same public office to duplicate requests made for the same records. *State ex rel. Laborers Int'l Union, Local Union No. 500 v. Summerville*, 122 Ohio St.3d 1234, 2009-Ohio-4090, 913 N.E.2d 452, ¶ 6. To be sure, an otherwise identical record may not be "the same" if it contains additional "record" information. For example: marginal notes, routing metadata, previous redactions, or other markings that additionally evidence the office's decisions, procedures, or other activities could qualify a modified document as a separate record.

{¶10} Here, however, ODRC attests that SMP disposition forms are centrally maintained in one database, the Departmental Offender Tracking System (DOTS), as record copies for later production regardless of which ODRC institution or administrative office seeks the record. (Pierce Aff. at ¶ 6-7.) Each SMP disposition form submitted to the court reflects this practice with the following notice: "NOTE: After inmate signs, form will need to be scanned into RIB2 in DOTS Portal under attachments of this SMP Case Number." (Complaint, Exh. G.) Under these circumstances, Bello has the burden to demonstrate that non-identical SMP disposition forms exist and were withheld. Although ODRC searched for existing paper copies (*Id.*, Exh. I), which were then re-scanned and produced to supplement the skewed DOTS copies, Bello makes no allegation, much less provide evidence, that any paper originals or other separately maintained copies of the SMP disposition forms were not identical to those he received. Even a reasonable and good faith belief by a requester, without supporting evidence, does not constitute sufficient evidence to establish that a responsive document exists. *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 133 Ohio St.3d 139, 2012-Ohio-4246, 976 N.E.2d 877, ¶ 24-26; *Foulk v. City of Upper Arlington,* Ct. of Cl. No. 2017-00132PQ, 2017-Ohio-4249, ¶ 6.

{¶11} ODRC's affidavit establishes that it has produced all requested SMP disposition records. Bello has offered no evidence to the contrary, or even proffered a reasonable belief that non-identical responsive records exist. I find that the claim for production of the requested SMP disposition forms is moot.

**The Requested Audio Tapes are Exempt Inmate Records**

{¶12} ODRC asserts that the audio recordings of SMP proceedings are exempt "records of inmates" within the meaning of R.C. 5120.21(F), which provides:

> (F) Except as otherwise provided in division (C) of this section, records of inmates committed to the department of rehabilitation and correction as well as records of persons under the supervision of the adult parole authority shall not be considered public records as defined in section 149.43 of the Revised Code.

This language establishes a discretionary exception to the Public Records Act, and does not prohibit ODRC's voluntary release of inmate records unless they are subject to some other, specific prohibition. 2000 Ohio Op.Atty.Gen. No. 021 ("R.C. 149.43 does not expressly prohibit the disclosure of items that are excluded from the definition of public records, but merely provides that their disclosure is not mandated.").

{¶13} Neither "records of inmates" nor "inmate records" are defined terms as used in Chapter 5120, in contrast to the provision of statutory definitions for "medical record," R.C. 5120.21(C)(1), and "quality assurance records," R.C. 5120.211. Nevertheless, Bello contends that the only "records of inmates" exempted from public records release by division (F) are those listed in R.C. 5120.21(A), which provides:

> The department of rehabilitation and correction shall keep in its office, accessible only to its employees, except by the consent of the department or the order of the judge of a court of record, and except as provided in division (C) of this section, a record showing the name, residence, sex, age, nativity, occupation, condition, and date of entrance or commitment of every inmate in the several institutions governed by it. The record also shall include the date, cause, and terms of discharge and the condition of such person at the time of leaving, a record of all transfers from one institution to another, and, if such inmate is dead, the date and cause of

death. *These and other facts that the department requires shall be furnished by the managing officer of each institution within ten days after the commitment, entrance, death, or discharge of an inmate.*

(Emphasis added.) (Reply at 5-8.) However, by its own terms division (A) is addressed only to facts that the department requires the managing officer of each prison institution to furnish to the [central] office of ODRC. Although other records of inmates' history, status, and activity are addressed in the chapter with and without qualification as to whether they are public or confidential, no other provision of Chapter 5120 suggests that the exception provided by division (F) is limited to the information listed in division (A). The court may also note that the wording of R.C. 5120.21(E), which provides for the release of "inmate records to the department of youth services or a court of record, and the department of youth services or the court of record may use those records for the limited purpose of carrying out the duties of the department of youth services or the court of record," suggests that the scope of the similar term "inmate records" is instead very broad.

{¶14} In analyzing similar language contained in R.C. 313.10(A)(2)(e) concerning coroners' records, the Supreme Court found that the term "records of a deceased individual" is not limited to documents possessed by the deceased and created prior to death, but in the context of the statute's language and purpose refers to records about or depicting the decedent. *State ex rel. Cincinnati Enquirer v. Pike Cty. Coroner's Office*, 153 Ohio St.3d 63, 2017-Ohio-8988, 101 N.E.3d 396, ¶ 17-22. The same reasoning applies in this case. Applying the ordinary meaning of words and rules of grammar, I find that the term "records of inmates" in division (F) is broadly inclusive of records describing and documenting individual ODRC inmates.

{¶15} ODRC further points to O.A.C. 5120-9-49(A)(3)(2) as maintaining the exemption for audio tapes of SMP proceedings, while permitting the release of SMP decisions:

(3) * * *. "Public record" means records kept by the department unless exempted by any provision of the Ohio Revised Code or other binding legal authorities. The records of the department that shall be deemed public records include, but are not limited to, the following:

* * *

(2) Charges and decisions in inmate disciplinary cases.

The rule carves out charges and decisions from all other records related to inmate disciplinary cases and requires their release as public records. This amounts to a limited statutory waiver of or exception to the broad discretionary exemption in R.C. 5120.21(F) for records of inmates committed to the department of rehabilitation and correction. I find that ODRC's response to Bello's requests conforms to the provisions of this rule.

{¶16} I find that ODRC has shown the requested audio tapes fall squarely within the public records exception contained in R.C. 5120.21(F) as amplified by O.A.C. 5120-9-49(A)(3)(2).

**The Requested Records were not Provided Within a Reasonable Period of Time**

{¶17} Under R.C. 2743.75(F)(3)(b) the Court of Claims may order recovery by the requester of his filing fee and other costs associated with the action that were incurred, if it "determines that the public office * * * denied the aggrieved person access to the public records in violation of division (B) of section 149.43 of the Revised Code." A person has been "denied access to public records" during any period that they were withheld beyond "promptly" or a "reasonable period of time." R.C. 149.43(B)(1). *See Foulk v. Upper Arlington*, Ct. of Cl. 2017-00132PQ, 2017-Ohio-4249, ¶ 9-11. The court also assigns court costs based in part on determination of violations.

{¶18} Bello states that ODRC violated its duty to timely provide the readily available, lightly redacted SMP disposition forms by not producing them for 35 days. (Complaint at 2-4.) Further, Bello did not receive corrected copies of the records that

displayed their complete contents until after this action was filed. The duration of a "reasonable period of time" is evaluated based on the facts and circumstances of each case. *State ex rel. Cordell v. Paden*, 156 Ohio St.3d 394, 2019-Ohio-1216, 128 N.E.3d 179, ¶ 12. In this case, ODRC offers no factual justification for either its initial delay, or its failure to note and correct the errant copying of the records in DOTS. *See State ex rel. Miller v. Ohio Dept. of Educ.*, 10th Dist. Franklin No. 15AP-1168, 2016-Ohio-8534, ¶ 8.

{¶19} I find that 35 days exceeded a reasonable period of time to produce the initial, miscopied SMP disposition forms from the central DOTS database, but that ODRC's production of responsive records was not complete until it provided corrected copies on April 20, 2020 (Pierce Aff. at ¶ 9). The requested copies were thus not provided until more than three months after the request was made. I conclude that ODRC violated its duty of timeliness under R.C. 149.43(B)(1).

**Non-Actionable Claims**

{¶20} Bello appears to assert that ODRC violated R.C. 109.43(E) by failing to comply with provisions of its duly adopted public records policy and/or records retention schedule – both of which Bello characterizes as having "the force of law." (Reply at 3-4, 5-8.) First, claims may be brought under R.C. 2743.75 only for alleged violations of R.C. 149.43(B). R.C. 2743.75(C)(1). Further, a public records policy utilizing the model public records policy referenced in R.C. 109.43(E) (and adopted pursuant to R.C. 149.43(E)) does not have the force of law in any sense applicable to the matter before this court. Finally, the remedy for improper disposal of records is under R.C. 149.351(B), not R.C. 149.43(C) or R.C. 2743.75.

{¶21} I find that this court has no jurisdiction under R.C. 2743.75 to hear a claim based on alleged violation of R.C. 109.43(E), or alleged improper disposal of records. To the extent Bello makes such a claim, the court may dismiss it sua sponte. Civ.R. 41(B)(1).

**Conclusion**

{¶22} Upon consideration of the pleadings and attachments, I recommend the court issue an order denying requester's claim for production of a duplicate set of the requested records from ODRC central office. I further recommend the court find that respondent violated its obligation under R.C. 149.43(B)(1) to provide the SMP forms within a reasonable period of time. I further recommend the court find that the audio tapes of the SMP proceedings were properly withheld as exempt "records of inmates committed to the department of rehabilitation and correction" under R.C. 5120.21(F). I recommend that court costs be assessed equally between the parties.

{¶23} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

JEFF CLARK
Special Master

**Filed August 3, 2020**
**Sent to S.C. Reporter 9/23/20**